In the Matter of HUCKNALL AGENCY, INC. and John P. Hucknall, Debtors.

HUCKNALL AGENCY, INC. and John P. Hucknall, Plaintiffs,

v.

Carl A. NANNI, Accountant, Defendant.

Bankruptcy Nos. 79–1034, 79–1035.

United States Bankruptcy Court, W. D. New York.

Oct. 25, 1979.

John A. Belluscio, Rochester, N.Y., for Debtors.

Anthony J. Rossi, Rochester, N.Y., for Carl A. Nanni, CPA.

Douglas J. Lustig, Rochester, N.Y., for Creditors' Committee.

Joseph G. Fritsch, Jr., Rochester, N.Y., as Chairman of Creditors' Committee.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

This is a turnover proceeding brought by the debtors against one Carl A. Nanni, an accountant. An answer was put in by the defendant and a hearing was held.

At that hearing, it appeared that in the last week of April, 1979, Mr. Hucknall, one of the debtors and the principal stockholder of the other debtor, contacted the defendant, Nanni, through the manager of his disco. Hucknall contacted Nanni to have him arrange a business loan for the debtor's enterprises. Conversations started about April 19, 1979. On that same date an involuntary petition was filed against the debtor and the debtor's company. Thereafter, the involuntaries were converted to Chapter XI proceedings by the filing of appropriate papers. However, the filing date in these bankruptcy matters remains April 19, 1979.

Between April 19, 1979 and the end of June 1979, the debtor says he gave Nanni $13,856.05. Nanni acknowledged receiving $13,994.69.

Hucknall said $1,000 was transferred to Nanni for accounting service in getting the loan. This amount was transferred before he and Nanni found out about the filing of the involuntary petitions. The balance was turned over to Nanni to hold in escrow for legal defenses and to hold people off in case of necessity.

Nanni testified that the money was turned over to him for accounting services. He stated he had performed over $14,000 worth of accounting services for the debtor and his enterprises. He acknowledged that he knew the debtor had not received permission from the Court to employ him as an accountant. In fact, the Court did not give the debtor permission to hire Nanni as an accountant.

It is clear that if Nanni holds the money in escrow as the debtor contends, that the money must be returned to be used by the debtor in financing his plan of reorganization. But if it was given to Nanni for accounting services which have been performed, what is the debtor's remedy?

The employment of an accountant in a Chapter XI case is governed by Bankruptcy Rule 11–22, which provides that:

"Bankruptcy Rule 215 applies in Chapter XI cases to the employment of attorneys and accountants for a trustee, receiver, debtor in possession, or creditor's committee selected pursuant to Rule 11–27."

This rule, makes the provisions of Bankruptcy Rule 215 applicable to those acting as accountants in Chapter XI cases. Bankruptcy Rule 215(a) says:

"No attorney or accountant for the trustee or receiver shall be employed except upon order of the court."

This rule, makes a court order necessary for the appointment of an accountant. Bankruptcy Rule 215 only deals with accountants employed by the trustee or receiver. Bankruptcy Rule 11–22, adopts Bankruptcy Rule 215 and includes the debtor in possession and the creditor's committee among those who may apply to the court for employment of an accountant.

■ Therefore, under Bankruptcy Rules 215 and 11–22, an accountant for a debtor in possession may be employed only after a

court order is granted authorizing such employment. Since an accountant's remuneration will come from the estate, this requirement of the Bankruptcy Rules which insists that there be court supervision over an accountant's employment is a sound one. (See Advisory Committee Notes to Rule 11–22).

The foregoing leads but to one conclusion, namely, that Nanni must return at least the $13,856.05 testified to by Hucknall, to the control of the debtors, for use in the funding of a plan of reorganization. Since it is this Court's custom to make the stand-by trustee, the disbursing agent, the debtor, when they receive the money from Nanni, shall turn it over to Louis Ryen, Esq. the disbursing agent, to be held awaiting the further order of this Court. To accomplish this, the debtor may have judgment against Nanni in the amount of $13,856.05 with interest therein and the costs of this proceeding. It is so ordered.

This Memorandum and Decision shall constitute Findings of Fact and Conclusions of Law in accordance with Rule 752 of the Rules of Bankruptcy Procedures.