**In re FIBERGLASS SPECIALTY CO., INC., Debtor.**

**Bankruptcy No. 3–80–2236.**

United States Bankruptcy Court,
D. Minnesota,
Third Division.

June 26, 1981.

David A. Heider, Minneapolis, Minn., for Merrimac Associates, Inc.

Richard C. Salmen, Kueppers, Kueppers, Von Feldt & Salmen, St. Paul, Minn., for debtor.

Pamela M. Harris of Kutak, Rock & Huie, Minneapolis, Minn., for Unsecured Creditors' Committee.

Robert Kressel, Minneapolis, Minn., for United States Trustee.

JACOB DIM, Bankruptcy Judge.

Based on the evidence presented and on all the pleadings and papers filed herein, the Court makes the following:

## FINDINGS OF FACT

1. On December 19, 1980, the debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code. A Creditors' Committee was appointed pursuant to 11 U.S.C. § 151102(a).

2. At the request of the Creditors' Committee, all parties stipulated to the appointment of an examiner under 11 U.S.C. § 151104 on January 30, 1981. On February 4, 1981, the United States Trustee appointed Merrimac Associates, Inc. as examiner in accordance with the recommendation of the stipulation of January 30, 1981.

3. By the terms of the stipulation, Fibergrate Corporation, the debtor's parent corporation and a creditor holding a secured claim, agreed to pay the allowed costs of the examiner up to a maximum of $6,000.00.

4. The examiner was required to have a report prepared by February 24, 1981. The examiner issued its report that day and filed it with the court on February 25, 1981.

5. The examiner has requested allowance of $50.00 an hour for 153 hours for a total of $7,650.00 in services. The examiner has also requested expenses in the sum of $239.15. The total compensation requested is $7,889.15.

6. As part of its compensation for services, the examiner has requested approval of 19 hours of services performed by the examiner prior to February 4, 1981. The value of these services at $50.00 an hour is $950.00.

7. The United States Trustee objected to the allowance of fees for the time spent prior to the appointment by the Court of Merrimac Associates, Inc. as examiner.

## CONCLUSIONS OF LAW

1. 11 U.S.C. § 330(a) governs the award of compensation to an examiner:

(a) After notice to any parties in interest and to the United States trustee and a hearing, and subject to sections 326, 328, and 329 of this title, the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1103 of this title, or to the debtor's attorney—

(1) reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any paraprofessional persons employed by such trustee, professional person, or attorney, as the case may be, based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title; and

(2) reimbursement for actual, necessary expenses.

2. By its terms § 330(a) allows the Court to award fees only to an examiner appointed pursuant to § 151104 of the Bankruptcy Code. Prior to its appointment as examiner on February 4, 1981, Merrimac Associates, Inc. had no standing in this proceeding. Compensation under § 330(a) can only be made to officers of the estate, not to strangers.

3. The 19 hours of services performed by Merrimac Associates, Inc., prior to February 4, 1981, are not compensable under 11 U.S.C. § 330(a).

4. In a recent case, *In re Med General, Inc.*, Bky 4–80–584, decided May 11, 1981 by the Hon. Kenneth G. Owens, Bankruptcy Judge for the District of Minnesota, the

Court allowed compensation for attorneys' services that were performed prepetition. That case is distinguishable from the instant case. It involved an informal committee of creditors working before the protection of the Bankruptcy Court was invoked. This difference is significant. In that case no approval for employment could be had from the Bankruptcy Court, since no bankruptcy case was pending. Such is not the case in this instance. The petition was filed almost six weeks prior to the appointment of an examiner. At that point the Bankruptcy Court must approve the employment of any person who seeks compensation from the estate. To hold otherwise would be to undermine the necessary power of the Court to ensure that assets of the estate are not wasted. It would encourage the accrual of administrative expenses without judicial oversight.

5. Another important distinction exists. An attorney for a creditors' committee represents the interest of that committee. His or her role is to serve the best interest of that committee. An examiner represents and is employed by the estate. An examiner is an officer of the estate. Until the Court orders the appointment of the examiner, the estate lacks any statutory authority to employ an examiner. There can, thus, be no compensation for an individual who has no employer just as an attorney for a committee appointed under § 151102 cannot be compensated if he is never approved by the Court. *In re Garland Corp.*, 8 B.R. 826 (Bkrtcy.Mass.1981).

■ 6. An additional grounds for compensation has been raised. 11 U.S.C. § 503(b)(1)(A) provides:

> (b) After notice and a hearing, there shall be allowed, administrative expenses, other than claims allowed under section 502(f) of this title, including—
>
>> (1)(A) the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case:

This section deals solely with costs of preservation of the estate. The role of an examiner under 11 U.S.C. § 151104 is to "conduct such an investigation of the debtor as is appropriate" and is not directly related to the preservation of the estate.

7. This Court concludes that there exists no statutory authority for awarding compensation to an examiner for services rendered prior to his or her appointment by the Court as examiner. Accordingly, the fees must be reduced by $950.00.

■ 8. As to the remaining questions under 11 U.S.C. § 330(a), no objection is made to value of the services performed or the necessity for their performance. This Court, in reviewing the application, concludes that the examiner did an excellent job especially considering the time constraints placed on the work. The entire compensation requested for services performed after appointment is allowed to the examiner, to be paid at such time as other administrative expenses pursuant to the Bankruptcy Code.

### ORDER

Now Therefore, IT IS ORDERED and ADJUDGED that the examiner, Merrimac Associates, Inc., is allowed as compensation the sum of $6,700.00 for services and $239.15 for costs for a total administrative expense to the debtor of $6,939.15. Pursuant to the stipulation, Fibergrate Corporation is liable for the payment of $6,000.00 to Merrimac Associates, Inc. and shall make such payment forthwith. The remainder, $939.15, shall be paid from the debtor's estate.