**In re CODESCO INC., Debtor.**

**Bankruptcy No. 80 B 20283.**

United States Bankruptcy Court,
S. D. New York.

Aug. 28, 1981.

See also Bkrtcy., 15 B.R. 354.

---

Levin & Weintraub, New York City, for debtor in possession.

## MEMORANDUM DECISION ON APPLICATIONS FOR ALLOWANCES

HOWARD SCHWARTZBERG, Bankruptcy Judge.

This is a determination with respect to the application for allowances made by Friedman, Strulowitz & Buren, accountants for the debtor, and Herbert B. Caspert Enterprises, Inc., appraiser, retained by the debtor.

The debtor filed a petition for relief under Chapter 11 of the Bankruptcy Reform Act of 1978 on June 27, 1980.

The debtor was engaged in the dental supply distribution business and also operated dental laboratories manufacturing fixed and removal prosthetics. At the time of the petition, the debtor operated facilities in 17 states throughout the country. Pursuant to authorization from this court, the debtor sold off various locations and assets to the ultimate end of achieving a liquidating distribution, as now authorized under Code § 1123(b)(4).

Pursuant to court orders dated August 8, 1980 and September 10, 1980, the debtor was authorized to retain the firm of Friedman, Strulowitz & Buren, Certified Public Accountants, for the purpose of auditing its books and records and to perform certain accounting tasks, including the preparation of schedules of assets and liabilities and the preparation of a Review Financial Statement. The maximum amount of compensation authorized under the court order dated September 10, 1980, was limited to $120,000. The accountants have already received from the debtor the sum of $110,-735.91, but seek $156,070.85.

IU North America, Inc., a secured creditor, has objected to the application submitted by the accountants on the ground that the request is excessive and that the accountants failed to perform the tasks set forth in the retention orders. Additionally, objection is made to the quality of the work performed; that their work is incomplete; the draft of the final statement prepared by them, dated November 13, 1980, is incomplete; that the applicants did not complete the reconciliation of all bank statements, and various other grounds.

The U. S. Trustee, while cognizant of the fact that the debtor's books were in a state of disarray and that the debtor's employees in the accounting and bookkeeping departments were reduced for cost-saving purposes, objects to the application because certain tasks which the accountants were retained to perform were in fact, never completed.

From the evidence elicited at the hearing, it is clear that the schedules of assets and liabilities were never filed in this case. The accountants testified that information necessary to complete the financial statement was never furnished to them by the debtor, although they made request for this information. They do not satisfactorily explain why they did not take further action when the debtor failed to respond to their request. There is no question that the problem would not disappear by inaction and that the information was necessary. The accountants should have followed up in this matter. It also appears that the schedules of assets and liabilities have never been filed in this case. Additionally, the accountants were retained to install a new accounting system. Instead, a "one-write" method was adopted, which consisted of

bookkeeping entries to record cash. This was not an accounting system. The accountants denied that their review of the debtor's financial condition included any obligation to verify fixed assets, or to engage in a reconciliation of bank statements or to reconcile individual transactions with the debtor.

Although the maximum allowance authorized by this court for the accountants is $120,000, the debtor was only authorized to make payments to them in the sum of $90,000, being 75% of the maximum of $120,000. In view of the foregoing this court agrees with the position taken by the U. S. Trustee that the accountants' compensation should be limited to no more than they have already received from the debtor, namely $110,735.91, plus the disbursements previously paid.

█ The appraiser, Herbert B. Caspert Enterprises, Inc., has applied for an allowance of $20,000.

The secured creditor, IU North America, Inc., objects to the appraiser's application for compensation as excessive. Included in the objections are the assertions that the appraiser physically inspected only 3 out of 10 locations; that he did not spend sufficient time at the various locations; that the examination of assets were superficial; that he made no attempt to verify or test count inventory and other assets; that the report is incomplete for failure to set forth any basis for the valuation; that the appraiser retained an expert to assist his work in California without authorization of the court and that he was not personally at either the Phoenix or Santa Clara inspections. The U. S. Trustee objects to the appraiser's application for similar reasons including that only three locations were actually visited and that the appraiser relied upon inventory sheets provided by the debtor's president.

At the hearing, the appraiser testified that the inspection at the three locations involved a "walk through" or "see through" method. It is also noted that the appraiser failed to disclose a fee sharing arrangement with the west coast consultant retained by him, which violates the requirement under Code § 504 of 11 U.S.C. that a person who seeks compensation or reimbursement may not share or agree to share any such compensation or reimbursement with another person. The only exception permitted is for partnerships or associates in the same professional association, partnership or corporation. The U. S. Trustee also notes that the appraiser's expenses in the sum of $1962.76 were reimbursed by the debtor on February 4, 1981, without any prior court approval.

One of the salutary effects of the new Bankruptcy Code is that the Bankruptcy Judge in a pilot district, where a U. S. Trustee is in place, receives the benefit of the valuable assistance of the U. S. Trustee in administering cases under the Bankruptcy Code. The U. S. Trustee is uniquely stationed to supervise and regulate administrative matters, including monitoring the employment of professional persons under Code § 327; reviewing the debtor's transactions with attorneys, as expressed under Code § 329; examining the compensation of officers, as authorized under Code § 330, and screening interim compensation applications under Code § 331.

The applications of the accountants and the appraiser were not submitted to the U. S. Trustee, as required by Code § 330. Therefore, the U. S. Trustee was furnished by this court with copies of the applications and supporting papers, including a tape of the hearing in order to permit the U. S. Trustee to perform and satisfy his statutory function in this case in accordance with the purpose for which he was appointed. The United States Trustee's report filed with this court reflects the customary careful and attentive review of administrative matters under his aegis, for which this court wishes to express an appreciative acknowledgment.

Taking into consideration all of the foregoing factors this court agrees with the U. S. Trustee that an award of $6000.00 to Herbert B. Caspert Enterprises, Inc., reflects a reasonable value of the services

performed. The application is therefore granted in the sum of $6000.00.

IT IS SO ORDERED.