**In re MORTON SHOE COMPANIES, INC., Debtor.**

**Bankruptcy No. 82–00007–HL.**

United States Bankruptcy Court, D. Massachusetts.

Aug. 17, 1982.

Robert M. Gargill, Donald F. Farrell, Jr., Choate, Hall & Stewart, Boston, Mass., for debtor.

Peter A. Fine, Sullivan & Worcester, Boston, Mass., for Creditors' Committee.

Ballon, Stoll & Itzler, New York City, for Creditors' Committee in Morton Shoe Stores, Inc.

### MEMORANDUM ON DENIAL OF MOTION TO COMPENSATE

HAROLD LAVIEN, Bankruptcy Judge.

The Court denied this motion to compensate from the bench stating that a written finding and ruling would be issued.

The Chapter 11 petition of this debtor-in-possession was filed on January 5, 1982. On January 25, a financial expert, Richard K. Lubin Co., Inc. and the accounting firm of Touche Ross & Co. were hired to analyze the potential for reorganization. This work was completed within 10 days. The debtor now seeks to compensate them at $16,650 and $21,995 respectively, the former at $150 per hour and the latter at $200 per hour. The application is totally devoid of detail as to how the time was spent or what work was performed.

The debtor admitted that no prior authorization was sought from the Court. The creditors' committee, which has been actively participating in the case, opposed the application. The committees maintained that they were unaware that Lubin's services were being engaged by the debtor or that the accounting firm was expecting compensation from the estate. The committee thought that the accounting firm had been working for Drexel Burnham, one of the larger creditors if not the largest.

As a result, neither the Court nor the creditors were given the opportunity to consider the terms or necessity of the employment. Further, it should be noted that when this debtor proposed hiring other professionals, the Court took a definite position

in rejecting or changing the terms of employment.

Counsel was an experienced bankruptcy attorney and was aware of this Court's attitude towards nunc pro tunc orders of any kind and particularly as to unauthorized services and yet could present no compelling or persuasive reason for not obtaining prior approval.

The following reasons were presented:

1. The debtor and counsel had other compelling problems and, in fact, did not interview and hire the financial expert or accountant until January 25th. However, this does not explain why the matter could not have been presented to the Court on the 26th before work started. The docket does not show that any other adversary matters had been filed until after the 25th.

2. Counsel did not want to make an oral or informal request but instead wanted to put together a formal presentation showing the background of the applicants, the need and the terms. Yet, the work was completed before a formal presentation could be organized. It is now eight months later and that formal presentation still has not been made.

3. Counsel did not know if the Court would consider this an emergency matter but the easiest way to find out is to ask and if it isn't, then it is presumptuous to go ahead as if it were.

In short, nothing presented in the debtor's argument, even if accepted as an offer of proof, presents any basis for finding that the type of emergency existed that would justify an after the fact authorization. In actuality, the very facts and the opposition of the two creditors' committees indicate a further justification for the rule.

■ The longstanding rule is that professional services performed for a bankruptcy estate are compensable out of the assets of the estate only if such professional assistance has been authorized by the Court prior to the services being rendered. See Bankruptcy Rule 215; 11 U.S.C. § 328; 2 Collier on Bankruptcy ¶ 327.02 (15th ed. 1981); *In re Futuronics Corp.,* 655 F.2d 463 (2nd Cir. 1981); *In re J. M. Wells, Inc.,* 575 F.2d 329

(1st Cir. 1978); *In re Garland Corp.,* 8 B.R. 826 (Bkrtcy.D.Mass.1981); *In re McAuley Textile Corp.,* 11 B.R. 646 (Bkrtcy.D.Me. 1981). This rule, while it may seem harsh, is an absolute basic condition despite the fact that the services rendered may have been very beneficial or valuable to the estate and performed in good faith. *In re Garland Corp., supra;* 2 Collier on Bankruptcy, ¶ 327.02, *supra. See Becker v. Stewart,* 402 F.2d 500 (5th Cir. 1968); *In re Hydrocarbon Chemicals, Inc.,* 411 F.2d 203 (3rd Cir. 1969); *In re National Tool & Mfg. Co.,* 209 F.2d 256 (3rd Cir. 1954); *In re Computer Utilization, Inc.,* 508 F.2d 673, 674 (5th Cir. 1975) (Attorney denied compensation despite performing "considerable amount of services in the various collection matters" that he was not authorized to perform); *In re Sapphire Steamship Lines, Inc.,* 509 F.2d 1242 (2nd Cir. 1975), aff'd sub. nom., *In re American Express Warehousing, Ltd.,* 525 F.2d 1012 (2nd Cir. 1975) (Counsel who produced $800,000 by doing work that the trustee should have done was allowed no fee because he was not authorized by the court); *In re Progress Lektro Shave Corp.,* 117 F.2d 602, 604 (2nd Cir. 1941) (Compensation denied, even though "appellant acted throughout in good faith and denial to him ... is a harsh conclusion," where appellant wasn't authorized.) The courts have not only enforced this rule as applied to attorneys but also to non-legal professionals. *See In the Matter of Hucknall Agency, Inc.,* 1 B.R. 125, 5 B.C.D. 902 (Bkrtcy.W.D.N.Y.1979) (Accountant who claimed to have performed over $14,000 worth of professional services denied compensation because his employment had not been authorized by the court); *In re Cummins,* 8 B.R. 701, 7 B.C.D. 294 (Bkrtcy.C.D. Cal.1981) (real estate broker denied commission). Hardship to the unauthorized professional is of no consequence since it is of his "own making. The rule is clear, and they are charged with the knowledge of it." *In re Rogers-Pyatt Shellac Co.,* 51 F.2d 988, 992 (2nd Cir. 1931).

This rule must necessarily be firm in order to "maintain control of costs." *In re Garland Corp., supra* at 828. Otherwise "the necessary power of the Court to ensure

that assets of the estate are not wasted" would be undermined. *In re Fiberglass Specialty Co., Inc.*, 12 B.R. 119, 121 (Bkrtcy. D.Minn.1981).

It cannot be stressed too strongly here that, while the result reached is, as has been indicated above, "a harsh conclusion", nevertheless, counsel who have performed services, . . . should seek the approval of the court for otherwise, . . ., the court has no control whatsoever over them and it is imperative that their competency, experience and integrity therefor have the approbation of the court.

*In re Hydrocarbon Chemicals, Inc., supra* at 206. "Only in this way can claims be avoided for volunteered services which may or may not have been such as" what would have been authorized. *In re Eureka Upholstering Co.*, 48 F.2d 95, 96 (2nd Cir. 1931).

The motion is denied.