**In re HALLMARK PROPERTIES, INC., Debtor.**

**In re ISLAND MANAGEMENT AND LEASING SERVICE, INC., Debtor.**

**AMERICAN SECURITY BANK, Plaintiff,**

**v.**

**ISLAND MANAGEMENT AND LEASING SERVICE, INC., Defendant.**

**AMERICAN SECURITY BANK, Plaintiff,**

**v.**

**HALLMARK PROPERTIES, INC., Defendant.**

**Nos. 82–0089, 82–0090.**

United States Bankruptcy Court, D. Hawaii.

Aug. 17, 1982.

Gordon Nelson, Honolulu, Hawaii, for plaintiff.

John Chang, Honolulu, Hawaii, for defendants.

FINDINGS OF FACT AND
CONCLUSIONS OF LAW

JON J. CHINEN, Bankruptcy Judge.

The issue before this Court is at what point were the post-judgment garnishment liens against Hallmark Properties, Inc. and Island Management and Leasing Service, Inc. perfected by American Security Bank? Were the liens perfected upon the service of the garnishee summons or upon the service of the garnishee order?

On May 24, 1982, American Security Bank filed Complaints for Relief from Automatic Stay against both Debtors. Because the facts of the two cases were identical, the cases were consolidated for hearing. A final hearing was held on July 7, 1982 at which time Gordon Nelson appeared on be-

half of American Security Bank and John Chang appeared on behalf of Debtors Hallmark Properties, Inc. and Island Management and Leasing Service, Inc. Following the hearing, counsel were granted further time until July 16, 1982 to file additional memoranda.

Based upon the records and memoranda filed herein and arguments of counsel, the Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

American Security Bank (hereafter "Plaintiff"), is a creditor of Hallmark Properties, Inc. and Island Management and Leasing Service, Inc., (hereafter "Debtors"). Sometime in 1981, Plaintiff brought an action against Debtors in the State Circuit Court, Civil Nos. 65285 and 65286, respectively, and Plaintiff obtained Judgment against both Debtors on November 16, 1981.

A garnishee summons was issued on December 2, 1981, and served on the garnishee, Pacific Trust Company, Ltd., on December 4, 1981.

On December 29, 1981, garnishee Pacific Trust Company made oral disclosure that it held $3,530.87 of the funds of Debtor Hallmark Properties, Inc. and $5,967.52 of the funds of Island Management and Leasing Service, Inc. On the basis of such disclosure, a garnishee order was entered on January 8, 1982. Before the garnishee paid to Plaintiff, the money it held, Debtors filed their petitions for relief in the Bankruptcy Court, thereby imposing an automatic stay.

On May 24, 1982, Plaintiff filed Complaints For Relief From Automatic Stay against the Debtors. The preliminary hearing was held on June 18, 1982, at which time, the Court scheduled the final hearing. After the final hearing, the Court granted counsel until July 16, 1982 to file additional memoranda.

The only issue before this Court is whether or not the garnishment liens in the instant case are a preference. The answer depends upon the effect of service of the garnishee summons on Pacific Trust Co.,

Ltd., on December 4, 1981, which is more than 90 days prior to the filing of the Petition in Bankruptcy on March 15, 1982.

Plaintiff contends that when the garnishee summons was served upon the garnishee, the Debtors no longer had any interest in the property held by the garnishee and the garnishee then held such property for the Plaintiff. On the other hand, Debtors contend that it was the garnishee order served on January 14, 1982 which perfected Plaintiff's liens and that such date was within 90 days of the filing of the petitions, thus, the liens constitute a voidable preference.

### CONCLUSIONS OF LAW

The pertinent provisions of Hawaii Revised Statutes, (hereafter "H.R.S.") § 652–2 reads as follows:

> If judgment is rendered in favor of plaintiff and likewise in all cases in which the garnishee is summoned after judgment, the garnishee fund, or such part thereof as may be sufficient for that purpose, shall be liable to pay the same.

This language makes it clear that service of the garnishee summons freezes the garnished funds in the hands of the garnishee. This interpretation is consistent with § 652–1(a) on pre-judgment garnishment, H.R.S. § 652–1(b) on post-judgment alias summons, and H.R.S. § 652–7 concerning successive garnishments. Each of these sections emphasizes service of the garnishee summons as establishing the lien rights of the parties.

In the instant case, since the garnishee summons had been served upon the garnishee more than 90 days prior to the filing of the petitions in bankruptcy, the Court finds that there is no voidable preference under 11 U.S.C. § 547(b).

A Judgment will be signed upon presentment.