**In re The RENE PRESS, INC. Debtor.**

**Bankruptcy No. 4–81–00148–G.**

United States Bankruptcy Court, D. Massachusetts.

Sept. 23, 1982.

Thomas J. Fleming, Jaffrey, N. H., for Carl Little.

Neal E. Satran, Boston, Mass., for Official Creditors Committee.

James F. Queenan, Jr., Bowditch & Dewey, Worcester, Mass., for debtor Rene Press.

Bruce B. Daniel, Boston, Mass., for Office of the U. S. Trustee.

## MEMORANDUM AND ORDER ON REQUEST FOR PAYMENT OF ADMINISTRATIVE EXPENSE

PAUL W. GLENNON, Bankruptcy Judge.

The applicant, a professional association, requests payment for accounting services rendered after the filing of the Chapter 11 petition. The United States Trustee, the Official Creditors Committee and the debtor all object to such payment, contending, *inter alia,* that the applicant was never appointed by the bankruptcy court, that the applicant has already received adequate compensation for his services, that the amounts requested relate to pre-petition services and are therefore not in the nature of administrative expenses, and finally that the applicant failed to perform certain necessary services.

### FACTS

The Chapter 11 petition was filed on March 3, 1981, on which date the debtor ("Rene Press") also filed an application to employ an accounting firm on general retainer. That application concerned the employment of a different accountant and it is not known to what extent he has provided accounting services to the debtor. On March 20, 1981, that application was allowed. The within applicant, Carl C. Little, P.A. ("Little") had been performing accounting services for Rene Press since 1979. On April 22, 1982, Little requested the payment of administrative expenses. Annexed to the application was the account statement of Rene Press which reads as follows:

CARL C. LITTLE, P.A.

Account

of

The Rene Press, Inc.

| | | |
|---|---|---|
| BALANCE DUE as of February 11, 1981 | | $3,501.00 |
| Payment | April 10, 1981 | 200.00 |
| | | 3,301.00 |
| Payment | April 17, 1981 | 200.00 |
| | | 3,101.00 |
| Bill | April 21, 1981 | 2,115.00 |
| | | 5,216.00 |
| Payment | May 1, 1981 | 1,000.00 |
| | | 4,216.00 |
| Payment | May 18, 1981 | 500.00 |
| | | 3,716.00 |
| Payment | May 22, 1981 | 500.00 |
| | | 3,216.00 |
| Bill | June 18, 1981 | 1,846.00 |
| | | 4,062.00 |
| Bill | June 18, 1981 | 399.00 |
| | | 4,461.00 |
| Payment | June 19, 1981 | 500.00 |
| | | 3,961.00 |
| Payment | July 20, 1981 | 500.00 |
| | | 3,461.00 |
| Payment | August 12, 1981 | 500.00 |
| | | 2,961.00 |
| Payment | November 12, 1981 | 500.00 |
| | | 2,461.00 |
| Bill | December 9, 1981 | 2,826.00 |
| | | $5,287.00 |

As set forth above, the statement reports an opening balance of $3,501.00 due as of February 11, 1981 and covers invoices through December 9, 1981. During this period, Rene Press paid (without the court's approval) a total of $4,400 (in nine separate payments) and was billed for $6,186.00 worth of services. The ending balance is $5,287.00. No details as to time spent and type of work performed have been provided by Little, although, during a hearing on this application, the court stated that such information would be helpful to the court and to the other parties involved. Little was never appointed by the court to perform accounting services and he so represented to the court in the course of a hearing on this very matter on April 30, 1982.

### OPINION

11 U.S.C. § 327(a) states, in relevant part, "the trustee, with the court's approval, may employ one or more . . . accountants . . . or other professional persons . . . to represent or assist the trustee in carrying out the trustee's duties . . .". No such approval was sought in the instant action. Payment for services rendered by a professional person under 11 U.S.C. § 328 is contingent upon approval by the court pur-

suant to 11 U.S.C. § 327. "The longstanding rule is that professional services performed for a bankruptcy estate are compensable out of the assets of the estate only if such professional assistance has been authorized by the Court prior to the services being rendered." *In re Morton Shoe,* 22 B.R. 449 at 450 (Bkrtcy.D.Mass.1982). "Where there is no compliance with the Code or rules, there is no right to compensation." 2 Collier on Bankruptcy ¶ 327.02 at 327–5 (15th Ed. 1982). See also *In re Futuronics Corp.* 655 F.2d 463 (2d Cir. 1981) *cert. denied* —— U.S. ——, 102 S.Ct. 1435, 71 L.Ed.2d 653 (1982); *In re Holiday Mart, Inc.,* 18 B.R. 212 (Bkrtcy. D. Hawaii 1982); *In re Mork,* 19 B.R. 947 (Bkrtcy.D.Minn. 1982); *In re Garland Corp.,* 8 B.R. 826 (Bkrtcy.D.Mass.1981) and *In re McAuley Textile Corp.,* 11 B.R. 646 (Bkrtcy.D.Me. 1981). Admittedly, this is oftentimes a harsh rule, but one that is necessary to ensure that the court has control over disbursements from the estate. *In re Garland Corp., supra.* This rule has been steadfastly applied even where the services rendered in some way benefited the debtor's estate. *In re Morton Shoe, supra; In re Garland Corp., supra; In re Fiberglass Specialty Co.,* 12 B.R. 119, 7 B.C.D. 1060 (Bkrtcy.D.Minn. 1981); *In re Hucknall Agency, Inc.* 1 B.R. 125, 5 B.C.D. 902 (Bkrtcy.W.D.N.Y.1979). In *In re Siegel,* 252 F. 197 (S.D.N.Y.1918), *rev'd* on other grounds 256 F. 226 (2d Cir. 1919), Judge Leonard Hand succinctly stated the law:

The court must look to the receiver as the adequate custodian and the sole person who can establish any claims for administration, except such as are otherwise expressly authorized by statute. Any services rendered by those not authorized by the receiver must be deemed to be on the account of the creditors who undertake them. They are merely volunteered, and the estate, even though actually benefited, owes nothing for them. There is no hardship in this, but absolute justice. Any creditor may apply at any time to the court upon suggestion that the receiver should authorize him to assist, and the court can so direct. But to allow claims

to be established for benefits, suppositious or actual, without some initial indication the services upon which they are based would be the subject of a charge, is wrong in principle and mischievous in application. An estate in the custody of a court is not in need of voluntary services; there is no room for the doctrine of salvage. It is presumably being cared for adequately, and those who seek to impose upon it the benefit of their assistance do so at their own account, unless they secure some consent at the outset. *Id.* at 198.

It should be mentioned that courts may reimburse a professional person for *expenses* incurred where the estate was benefited by these expenses, though such reimbursement is not required. 2 Collier on Bankruptcy ¶ 219.04 at 2–212 (14th Ed. 1978). In the instant case, as no list of expenses was provided the court and as there is no basis on which to conclude that the estate has somehow benefited by the incurring of expenses by Little, I decline to authorize any reimbursement. Furthermore, Rene Press alleges that Little failed to perform certain necessary tasks (i.e. the preparation of certain Federal tax returns). Little has not refuted this allegation. In *In re Codesco, Inc.,* 15 B.R. 351, 8 B.C.D. 10 (Bkrtcy.S.D.N.Y.1981), where a court-approved accountant failed to perform court-ordered tasks, the court refused to compensate the accountant above an amount already received by the accountant pursuant to an earlier court order.

Following the great weight of authority, Little is not entitled to any compensation for his post-petition services. Furthermore, the post-petition payments totalling $4,400 by Rene Press to Little were never authorized by the court. If they relate to prepetition services, Little has an unsecured claim which should be treated like all other unsecured claims in this case. If the payments are for post-petition services, the court would be required to approve such a disbursement and no such approval has been given by the court. As the payments were thus clearly without authorization they

must be returned to the debtor. See *In re Hucknall Agency, Inc., supra,* and *Valley Porta-Sales, Inc.,* 21 C.B.C. 885 (Bkrtcy.D. Idaho 1979).

In accordance with the above memorandum, it is hereby ORDERED that the request of Carl C. Little for payment of administrative expenses be DENIED and further ORDERED that Carl C. Little turn over the $4,400 payments received from the debtor during 1981 within 10 days from the date of this order. SO ORDERED.