Robert J. KRESSEL, Assistant United States Trustee, Plaintiff,

v.

John R. KOTTS, Defendant.

(In re Leslie Schaffer, et al., BKY 3–81–0071).

Robert J. KRESSEL, Assistant United States Trustee, Plaintiff,

v.

John R. KOTTS, Defendant.

(In re Manuel R. Bravo, BKY 3–81–679).

John R. KOTTS, Plaintiff,

v.

William P. WESTPHAL, Sr., Defendant.

(In re Ryan's Painting and Decorating Contractors, BKY 4–80–1808(O); In re Premier Plastic Manufacturing Company, Inc., BKY 4–81–1758(O); In re Technistics, Inc., BKY 4–81–795(O)).

Robert J. KRESSEL, Assistant United States Trustee, Plaintiff,

v.

John R. KOTTS, Defendant.

(In re Bruce L. Hartberg, BKY 3–80–1902).

Civ. Nos. 4–83–687, 4–83–688, 4–83–671 and 4–83–686.

United States District Court, D. Minnesota.

Nov. 15, 1983.

William J. Joanis, Briggs & Morgan, St. Paul, Minn., for Premier Plastics Mfg. Co., Inc.

John C. Childs, Rolfe Worden, Popham, Haik, Schnobrich, Kaufman & Doty, Minneapolis, Minn., for Technistics, Inc.

James H. Levy, St. Paul, Minn., for Leslie Schaffer, et al.

William P. Luther, Minneapolis, Minn., for John R. Kotts.

Robert C. Neill, Minneapolis, Minn., for U.S. trustee.

Ronald H. Groth, Minneapolis, Minn., for Ryan's Painting and Decorating Contractors, Inc.

## MEMORANDUM AND ORDER

MACLAUGHLIN, District Judge.

These consolidated bankruptcy appeals are before the Court on the plaintiff's appeal of two separate orders by bankruptcy judges denying or reducing the amount of attorneys' fees.

### FACTS

The appellant in these cases, John R. Kotts, filed bankruptcy petitions on behalf of six different debtors. In all but one of the six cases, that is all Kotts did. Kotts received sizable retainers for his services, but in October of 1981 abandoned his clients and his Minneapolis law practice and moved to California.

The United States Bankruptcy Trustee brought motions under 11 U.S.C. § 329 seeking a review of the compensation Kotts received in these cases. Three of the motions were consolidated and heard by Bankruptcy Judge Connelly; the other three were consolidated and heard by Bankruptcy Judge Owens. Kotts was represented by his counsel, William Luther, at these hearings and was allowed to submit documents and affidavits in support of his fee claim both before and after the hearing. The following table summarizes the work performed by Kotts in each case, the fee received, and the disposition by the bankruptcy court.

| Debtor | Work Performed | Fee Received | Disposition |
|---|---|---|---|
| Hartberg | petition | $5,000 | Connelly – No fee allowed |
| Schaffer | petition | $4,000 plus security interest in 5,000 bushels of corn | Connelly – No fee allowed |
| Bravo | petition | $1,800 | Connelly – No fee allowed |
| Ryans | petition plus reorganization plan but no disclosure statement | $7,128 | Owens – Fee reduced to $1,500 |
| Premier | petition | $2,800 | Owens – Fee reduced to $1,000 |
| Technistics | petition | $1,950 | Owens – Fee reduced to $1,000 |

Judge Connelly ordered Kotts to return all fees received, basing his decision on two alternative grounds. First, he ruled that, because Kotts had not obtained court approval to perform services for the debtors as required by 11 U.S.C. § 327(a),[1] no fee was authorized. Second, he held that by abandoning his clients, Kotts forfeited all fees.

Judge Owens took a different approach. Holding that the rule requiring prior court approval for professional services "is not controlling in these cases and need not be applied or considered at this time," Judge Owens found that reasonable fees for the pre-petition services rendered in the three cases based on hours spent were $1,500, $1,000, and $1,000, respectively. The Judge allowed no fee for post-petition services,

1. 11 U.S.C. § 327(a) provides:
    Except as otherwise provided in this section, the trustee, *with the court's approval,* may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.
(Emphasis added.) By its terms, this court approval rule applies only to trustees. How-

ever, since there is no meaningful distinction under the Bankruptcy Code between a trustee and a debtor in possession, *see* 11 U.S.C. § 1107(a), the court approval rule applies with equal force to debtors in possession. *In re Warrior Drilling & Engineering Co.,* 18 B.R. 684, 692 (D.C.N.D.Ala.1981). In the instant cases, both bankruptcy judges found that the debtors had the status of debtors in possession. Kotts does not challenge those findings on appeal.

finding that Kotts' abandonment of his clients rendered those services valueless.

## DISCUSSION

In order to protect creditors from a debtor's diversion of his or her assets, a debtor's employment of an attorney is subject to judicial review under 11 U.S.C. § 329 which provides:

(a) Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of and in connection with the case by such attorney, and the source of such compensation.

(b) If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to—

(1) the trustee, if the property transferred—

(A) would have been property of the estate; or

(B) was to be paid by or on behalf of the debtor under a plan under chapter 11 or 13 of this title; or

(2) the entity that made such payment.

■ In reviewing these cases, the Court is bound by the bankruptcy court's findings unless they are clearly erroneous. Bankruptcy Rule 8013; *In re Morrissey,* 717 F.2d 100, 104-05 (3d Cir.1983). Kotts' sole contention on appeal is that there is insufficient proof in these cases to show that Kotts is liable for repayment of excess attorneys' fees. Relying on *In re Raphael,* 192 F. 874 (7th Cir.1911), Kotts maintains that the form of the hearings in these cases deprived him of due process. This contention is frivolous. Kotts received ample notice of the hearings and his counsel appeared on his behalf. Kotts was allowed to make an oral argument and to submit affidavits and time slips in support of his fee claim. Under the Bankruptcy Rules relating to review of an attorney's compensation, "although the debtor's attorney is entitled to a hearing, the trustee's motion may be heard on affidavits or orally." *Collier on Bankruptcy,* § 329.05 (15th ed.). There is no need for an evidentiary hearing. *In re Raphael* is distinguishable because in that case the trustee failed to give the debtor's attorney sufficient notice that the reasonableness of the fee would be inquired into at the hearing.

■ The next question is, by how much should Kotts' fees be reduced. A distinction must be drawn between fees for pre-petition services, and fees for post-petition services. With respect to the post-petition services, the bankruptcy court judges did not err in denying Kotts all fees. The judges properly concluded that Kotts' abandonment of his clients—the height of professional irresponsibility—rendered those services valueless. The Minnesota Supreme Court has held that "an attorney at law who is unfaithful in the performance of his duties forfeits his right to compensation." *In re Estate of Lee,* 214 Minn. 448, 460, 9 N.W.2d 245, 251 (1943). Moreover, in five of the six cases, Kotts apparently did little or no work after preparing the petition. Obviously the clients should not be billed for work not done. In the other case, the *Ryans* case, Kotts did file a plan of reorganization but since he failed to file the necessary disclosure statement the plan was never advanced. Finally, even if the post-petition services had value, Kotts would not be entitled to compensation because he failed to obtain prior court approval to perform professional services for the debtors in possession as required by 11 U.S.C. § 327(a).

■ With respect to the pre-petition services, Bankruptcy Judge Connelly erred in denying Kotts all fees. The pre-petition services are not valueless because the same petition can be used by substitute counsel. In addition, prior court approval under 11 U.S.C. § 327(a) was not necessary as to the pre-petition services. In *In re Johnson,* 21 B.R. 217 (Bkrtcy.D.C.1982), the court denied

fees for post-petition services that were rendered without prior court approval, but allowed fees for pre-petition services noting:

> Of course, it is clear that no order is required for the retention of counsel to the debtor in the pre-petition period, and, accordingly, all services rendered prior to the filing of the Chapter 11 case can be compensated to the extent that the Court finds that such fees are fair and reasonable within the meaning of the Code.

*Id.* at 218 n. 1.[2] Since a bankruptcy proceeding is not commenced until the filing of a petition, it would be impractical to require an attorney to obtain court approval prior to preparing a petition. *See In re Fiberglass Specialty Co.,* 12 B.R. 119, 121 (Bkrtcy. Minn.1981). Allowing an exception to the court approval rule for pre-petition services does not undermine the rule's purpose of avoiding the diversion of debtors' funds because the Court will always retain inherent power to correct manifest injustice.

■ Since prior court approval was not required for Kotts to perform pre-petition services, and since those services are not valueless, Kotts is entitled to a reasonable fee for pre-petition services. The Court finds that the amounts awarded by Judge Owens in the *Ryans, Premier,* and *Technistics* cases—$1,500, $1,000, and $1,000, respectively—are reasonable. In the interest of avoiding a costly and time-consuming remand to Judge Connelly, the Court has computed a reasonable fee in the *Hartberg, Schaffer,* and *Bravo* cases. Based upon representations by counsel for the trustee that the petitions in all six cases were of approximately the same degree of difficulty, the Court will allow a fee of $1,000 in each of these cases.

Accordingly, IT IS ORDERED that:

1. in CIVIL 4–83–671, the plaintiff John R. Kotts:

(a) remit to the estate of the debtor Ryan's Painting and Decorating Contractors, Inc. all compensation received in excess of $1,500, plus interest from June 7, 1983;

(b) remit to the estate of the debtor Premier Plastic Manufacturing Co. all compensation received in excess of $1,000, plus interest from June 7, 1983;

(c) remit to the estate of the debtor Technistics, Inc. all compensation received in excess of $1,000, plus interest from June 7, 1983;

2. in CIVIL 4–83–686, the defendant John R. Kotts remit to the estate of the debtor Bruce L. Hartberg all compensation received in excess of $1,000, plus interest from April 5, 1983;

3. in CIVIL 4–83–687, the defendant John R. Kotts remit to the estate of the debtor Leslie Schaffer, et al., all compensation received in excess of $1,000 (including the security interest in 5,000 bushels of corn), plus interest from April 5, 1983;

4. in CIVIL 4–83–688, the defendant John R. Kotts remit to the estate of the debtor Manuel R. Bravo all compensation received in excess of $1,000, plus interest from April 5, 1983.

LET JUDGMENT BE ENTERED ACCORDINGLY.

---

2. Judge Connelly based his decision that no fees are awardable in the absence of prior court approval on two cases, *In re Mork,* 19 B.R. 947 (Bkrtcy.Minn.1982), and *In re Fiberglass Specialty Co.,* 12 B.R. 119 (Bkrtcy.Minn.1981). While these cases contain language that prior court approval is always necessary, in both cases the only fees at issue were for post-petition services. Neither case holds that prior court approval is necessary as to pre-petition services.