**In the Matter of DELTA PETROLEUM (P.R.) LTD., Debtor.**

**Bankruptcy No. 93–00043 (SEK).**

United States Bankruptcy Court, D. Puerto Rico.

Feb. 17, 1994.

Charles A. Cuprill, Ponce, PR, for debtor.

426

Sergio A. Ramirez de Arellano, Hato Rey, PR, for Trustee Steve B. Wyman.

Patrick O'Neill, Hato Rey, PR, for Treasury Dept.

Carmen Priscilla Figueroa, San Juan, PR, for Dept. of Justice.

David Freedman, Hato Rey, PR, for Bank of Boston.

Mario Garcia Quintero, pro se.

## OPINION AND ORDER

SARA E. de JESUS, Bankruptcy Judge.

The issue is whether Jose Jaime Folguera Belvis (Folguera) may collect for his services performed after the petition was filed from estate assets, even though Debtor did not procure his appointment as a professional person within the meaning of 11 U.SC. Section 327(a) and Rule 2014 of the Federal Rules of Bankruptcy Procedure.

The uncontested facts show:

1. Delta Petroleum (PR) Ltd. (Delta), filed a petition for bankruptcy under Chapter 11 of the U.S. Bankruptcy Code on January 7, 1993.[1]

2. Mr. Folguera had been Delta's marketing director for the greater San Juan area pursuant to a contract executed in 1991. This contract provided Folguera was to be paid commissions for sales he procured for Delta. He was not required to be Delta's exclusive representative, so that he did have other clients for whom he could perform similar services to those rendered to the Debtor in possession. The contract also provided Delta would pay for his health insurance and provide him with a car. Folguera was assured a minimum monthly income regardless of sales. He was also paid commissions on sales he procured.

3. Pursuant to this contract, Folguera rendered his usual services after the petition was filed, from January, 1993 until March of that year, when the Trustee terminated his services. He then filed both an application for payment for his post petition services and a proof of claim registered as claim number 11 in the case for services rendered prepetition.

4. The Trustee objected to this application because Folguera failed to procure a prior appointment, could not circumvent the provisions of 11 U.S.C. Section 327 by claiming his contract was executory in nature and had been assumed *de facto* by the Debtor in possession, and did not fall within the exception of 11 U.S.C. Section 327(b).

5. The parties were heard, the issue was briefed.

Our starting point is the law. 11 U.S.C. Section 327 and Rule 2014 of the Federal Rules of Bankruptcy Procedure govern appointment of professionals who will perform services for the benefit of the estate. Sections 327(a) and (b) provide:

"a) Except as otherwise provided in this section, the trustee, with the court's approval may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

b) If the trustee is authorized to operate the business of the debtor under section 721, 1202, or 1108 of this title, and if the debtor has regularly employed attorneys, accountants, or other professional persons on salary, the trustee may retain or replace such professional persons if necessary in the operation of such business."

█ Mr. Folguera states that his request for payment is governed by 11 U.S.C. Section 365, which addresses the assumption or rejection of executory contracts and leases. He claims he is entitled to payment of his fees and expenses because his services were performed pursuant to an executory contract executed in 1991, which Debtor *de facto* assumed when its President asked him to continue performing these services post petition. Hence, he is entitled to payment pursuant to its terms as an administrative Chapter 11 expense.

---

1. A Chapter 11 Trustee was appointed about two months later.

Trustee disagrees with this theory stating most, if not all, professional services performed by professionals are performed pursuant to executory contracts. However, contracts for professional services to be performed on behalf of the estate and paid by estate funds are governed by the specific provisions of Code Section 327 which supersedes the general provisions of Section 365, generally applied to executory contracts. Hence, the applicable Code section to this contested matter is Section 327. At best, the Trustee argues, what has occurred here is the rejection of an executory contract, in which case Folguera would be entitled to payment of damages as a general unsecured claim, as per his claim number 11. Lastly, the Trustee argues the exception to the procurement of an appointment to act as a professional person on behalf of the estate contained in Section 327(b) is not applicable here because Mr. Folguera was not "on [a] salary".

We agree with the Trustee that if we apply the traditional test to determine whether a contract is executory in nature, this 1991 contract governing the professional services rendered by Folguera could be classified as an executory contract within the purview of Code Section 365.[2] However, we believe the specific provisions of Code Section 327 concerning employment of professional persons supersede the Code's section pertaining to executory contracts. Moreover, most jurisdictions hold that an assumption of an executory contract must be stated in writing, and is subject to the Court's approval.[3] Hence, Mr. Folguera's theory must also fail because there is no entry whereby the Debtor in possession assumed the 1991 contract and the Court approved the assumption. Furthermore, Folguera has cited no cases to support his claim that the assumption may occur verbally or *de facto*.

■ Do the services rendered by Folguera to the Debtor in possession fall within the purview of Code Section 327(b) which does not require a court appointment? The need for a trustee or a debtor in possession to obtain a court appointment for the employment of professional persons depends upon whether the person was regularly employed by the debtor in the ordinary course of its business and continues to be so employed after the petition is filed.[4] To determine whether the employment is regular, in the ordinary course of business, and therefore does not need a court appointment,

"Some courts have focused on whether the professional was employed on salary or on a commission basis and others have focused on the nature of the services performed. The most appropriate way, however, of distinguishing persons whose employment requires court approval is not the manner in which they are compensated, but the role such persons play in the administration of the case."[5]

Stated in another fashion:

"In the context of a debtor proceeding, persons in occupations ordinarily considered professionals are not necessarily professionals whose retention by the estate requires court approval. For purposes of section 327(a), 'professional person' is lim-

2. 2 *Collier on Bankruptcy*, 365–02, 365–15 (15th ed.); *Matter of Tonry*, 724 F.2d 467 (5th Cir., 1984); *Sharon Steel Corp. v. National Fuel Gas Dist. Corp.*, 872 F.2d 36 (3rd Cir.1989); *Matter of Taylor*, 913 F.2d 102 (3rd Cir.1990); Countryman, Executory Contracts in Bankruptcy: Part I, 57 Minn.Law Review 439 (1973); Countryman, Executory Contracts in Bankruptcy: Part II, 57 Minn.Law Review 479 (1974).

3. 11 U.S.C. 365(a), F.R.B.P. 9013; *In re Harris Management Co., Inc.*, 791 F.2d 1412 (9th Cir. Cal.1986); *Sea Harvest Corp. v. Riviera Land Co.*, 868 F.2d 1077 (9th Cir.Wash.1989); 2 *Collier on Bankruptcy*, 365.03, 365–17 (15th ed.).

4. "The primary issue in this case is whether a court order is at all necessary for the retention by Seatrain of maritime engineers. In a reorganization case the debtor in possession may continue the actual operation of this business without the necessity of specific court orders. [Cit. omitted] One exception to the general rule that the debtor in possession may make business decisions without court approval is contained in Section 327(a) of the Code. Section 327(a) requires court approval for the employment of attorneys, accountants, appraisers, auctioneers, or other 'professional persons' by the debtor in possession." *In the Matter of Sea Train, Inc.*, 13 B.R. 980, 981, 4 CBC 2d 1558, 1559 (Bkrtcy.S.D.N.Y. 1981).

5. 2 *Collier On Bankruptcy*, Section 327.05 (15th ed.).

ited to persons in those occupations which play a central role in the administration of the debtor proceeding. Court approval is required for the retention of attorneys, accountants, appraisers, auctioneers and persons in other professions intimately involved in the administration of the estate." [6]

The test focuses on one of the purposes for the court appointment: control the cost of administering the estate. It distinguishes between the ordinary costs incurred by a debtor in possession's continued business operations during the Chapter 11 reorganization process, and the costs incurred by the same business in order to comply with various provisions of the Bankruptcy Code during the Chapter 11 reorganization process. The latter are costs of administering the estate incurred by court appointed professionals, subject to court scrutiny to ensure that these costs, charged to the estate, are for services required for its administration, are indeed performed, and the fees and expenses are reasonable.[7] 11 U.S.C. Section 327(b) does not require the Court to control a debtor in possession's costs of its continued business operations during the Chapter 11 reorganization process.

Applying the cited test to the services rendered by Folguera in the instant case, we hold that Folguera's services did not play a central role in the administration of the estate for which the Debtor in possession needed to obtain a Court appointment. There is no question Folguera's services were performed as part of the ordinary course of Debtor's and the Debtor in possession's business before and after the petition was filed; his services were required for the operation of the business; he did in fact perform the services engendering the commissions and the expenses mentioned in the pending application. Therefore, Folguera is not a professional person within the meaning of Code Section 327(a) who needed a court appointment in order to be paid for the services and expenses he rendered post petition to the Debtor in possession. He was an employee who was retained by the Debtor in possession because his services were needed during the ordinary course of the business' operations.

WHEREFORE, the Trustee's opposition to the payment of Folguera's post petition fees and expenses is denied. The Trustee will review fifth paragraph of the application in question and state, in the next 10 days, whether it should be paid along with the other services and expenses as a Chapter 11 administrative claim.

---

6. *Sea Train, Inc.*, at 981, 4 CBC2d at 1559–1560.

7. *In re Garland Corp.*, 8 B.R. 826 (Bkrtcy.Mass. 1981); *In re Fiberglass Specialty Co., Inc.*, 12

B.R. 119 (Bkrtcy.D.Minn.1981); *In re Hallmark Properties, Inc.*, 22 B.R. 451 (Bkrtcy.Hawaii 1982).