In re IMPACT PUBLICATIONS, INC., d/b/a Travelers Services Guide, Impact Map Company, Message Map, Impact Color, Boone Color Processing Corp., Publicidada Vista, Impact Marketing, Impact Photos, Impact Cover Company, and Impact Tab Index, Debtor.

Bankruptcy No. 580–00068.

United States Bankruptcy Court, N.D. Texas, Lubbock Division.

Oct. 29, 1982.

Rowena Kathy Hall, Lubbock, Tex., for Impact Publications, Inc., debtor.

Thomas J. Griffith, Lubbock, Tex., for Thomas J. Griffith, trustee.

MEMORANDUM AND ORDER

BILL H. BRISTER, Bankruptcy Judge.

The debtor filed petition for order for relief under Chapter 7 of Title 11, United States Code, on August 26, 1980. The trustee liquidated the estate and filed his final

report. In the interim the attorney for the debtor filed application for attorneys fees of $10,768.91 and expenses of $39.95 based upon postpetition services performed by her. Notice was mailed to the creditors of the filing of the application for compensation by the trustee, by the attorney for the trustee, and by the attorney for the debtor. The attorney for the debtor did not appear at the scheduled hearing and the trustee announced that the attorney for the debtor had waived attorneys fees as an inducement to the trustee to effect a compromise settlement of an adversary proceeding with the First National Bank at Lubbock ("Bank") and Small Business Administration ("SBA"). The Court's order on allowances and expenses was entered on June 11, 1982, and no compensation was awarded to the attorney for the debtor. Three months later on September 13, 1982, the attorney for the debtor filed "Motion for Reconsideration." The trustee did not challenge the timeliness of the "Motion for Reconsideration," but objected to an award of attorneys fees and expenses to the attorney for the debtor on other bases. The following summary constitutes findings of fact after non-jury trial.

Debtor was a corporation which, prior to bankruptcy, had been engaged primarily in the business of publishing city maps and plats. The bankruptcy trustee gave notice of intention to sell the existing maps and the master maps in the inventory of the debtor, as well as work in progress. The bank and SBA each claimed entitlement to lien against the inventory of the debtor, including the master maps and the work in progress. The trustee opposed that claim of lien, contending that the master maps were subject to common law copyrights and statutory copyrights and that the liens of the bank and of SBA had not been properly perfected. That controversy was resolved in separate adversary proceedings in number 581–0047.

The attorney for the debtor had filed amended application for attorneys fees and costs on August 7, 1981. In that application she acknowledged that she had been paid the sum of $2,138.07 by the debtor for at-torneys fees and expenses, but claims entitlement to postpetition attorneys fees of $10,768.91 and expenses of $39.95. She supported the application with the detailed, chronological and itemized statement required by *Johnson v. Georgia Highway Express,* 5th Cir.1974, 488 F.2d 714, 717–719, and its progeny. An analysis of the testimony at the trial, supplemented with the allegations in her amended application for attorneys fees and the itemization in the *Johnson v. Georgia Highway Express* statement, reflects that the activities of the attorney for the debtor were primarily concerned with those which are properly within the peculiar province of the trustee. Some of the principals of the debtor corporation had guaranteed the corporate debts to SBA and First National Bank. The application for compensation filed by the attorney for the debtor is revealing:

"Applicant also prepared a motion and order to cause the trustee to sell the assets of the debtor prior to the first meeting of creditors. It was necessary that the trustee sell the assets as soon as possible because of the deterioration in the value of said assets. Applicant had to obtain the approval of the Internal Revenue Service, First National Bank at Lubbock, Small Business Administration, the trustee, and various potential buyers of the assets before such a sale could occur. Applicant became the mediator between all of these parties. Applicant spent many hours negotiating the sale of these assets with the above named parties. Once the terms had been negotiated, a hearing before the court was held approving the sale. At that time applicant required all parties who were in attendance and their attorneys to orally approve the stipulations of the debtor. Part of the negotiation of the sale of these assets included a full release of the debtor and all of the individual guarantors of all debts owed to the SBA and the First National Bank at Lubbock. The trustee submitted a written order of the court approving the sale. Applicant, after carefully reviewing the same, refused to

sign on the grounds that it failed to comply with the terms of the debtor's stipulations on open court."

■ In this case the allowance of compensation to the attorney for the debtor would be improper.

First, the attorney for the debtor had never obtained an order of this court, authorizing her to act as attorney for the debtor after the Chapter 7 petition was filed. *See In re Warrior Drilling and Engineering Company, Inc.,* 18 B.R. 684 (Bkrtcy. N.D.Ala.1981); *In re Byman Furniture and Interiors, Inc.,* 14 B.R. 230 (Bkrtcy.S.D.Tex. 1981); *In re Cummins,* 8 B.R. 701 (Bkrtcy.C. D.Cal.1981); and *In the Matter of Futuronics Corporation,* 5 B.R. 489 (Bkrtcy.S.D.N.Y. 1980). In some instances courts have permitted the use of "nunc pro tunc" orders where there was failure to obtain the requisite court approval on the grounds that denial of attorneys fees would result in inequitable or unfair consequences. *In the Matter of Laurent Watch Company, Inc.,* 9th Cir.1976, 539 F.2d 1231; *Stolkin v. Nachman,* 7th Cir.1973, 472 F.2d 222; *Matter of Allen,* 8 B.R. 221 (Bkrtcy.N.D.Ga. 1981). If the failure to obtain court approval before continuing the representation of the debtor was all that was involved in this case, there would be no legal bar to permitting proper compensation.

■ There is still another order which was required to have been obtained before the attorney for the debtor could perform services for which she could be compensated. § 327 of the Code authorizes the trustee, subject to court approval, to employ professional persons to represent or to perform services for the estate. However, an attorney, accountant, or other professional persons so employed by the trustee may be employed only to perform professional services. Under § 327(a) the professional so employed is hired to "represent or assist the trustee in carrying out the trustee's duties" under the Code. Section 327(e) permits the trustee, with the court's approval, to employ for a *specified special purpose, other than to represent the trustee in conducting the case,* an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed. That order, permitting the attorney for the debtor to perform specified special services for the trustee, is far more important than the order permitting her to continue to represent the debtor, mentioned above. This case presents a classic instance of the necessity for compliance with § 327(e), because to the extent that there is a misunderstanding it would have been avoided if the § 327(e) order had been sought.

■ However, even if a § 327(e) order had been sought the attorney for the debtor would not be entitled to compensation based upon the services reflected by her application and by the testimony at the trial. Matters involving liquidation of the estate, including sale of assets, is a duty of the trustee as provided by § 704 of the Code. Professionals employed by the trustee, whether under § 327(a), § 327(d), or § 327(e) may not be employed and will not be compensated for services that the Code requires of the trustee. *See Matter of Braswell Motor Freight Lines, Inc.,* 5th Cir. 1980, 630 F.2d 348; *Cle-Ware Industries, Inc. v. Sokolsky,* 6th Cir.1974, 493 F.2d 863, cert. den. 419 U.S. 829, 95 S.Ct. 50, 42 L.Ed.2d 53 (1974); *In re Mabson Lumber Company,* 2nd Cir.1968, 394 F.2d 23.

The issues of whether the attorney for the debtor rendered any services which were beneficial to the estate, whether the attorney's activities were directed at protecting the individuals in the corporation instead of representing the best interest of the estate of the debtor, whether the attorney had waived claim to additional attorneys fees, and the remaining objections advanced by the trustee to compensation are pretermitted. The services for which compensation is sought by the attorney for the debtor in this case were for activities which the Code requires the trustee to perform. Thus those services may not be compensated to a non-trustee, whether performed by

the attorney for the debtor, by the attorney for the trustee, or by any other professional.

It is, therefore, ORDERED by the Court that the application for compensation and expenses filed by Kathy Hall, attorney for the debtor, be, and it is hereby, denied.

All relief not herein granted is denied.

The Clerk is directed to file this order and to furnish a copy to the attorneys of record.