**In re ZEUS AMERICA MANAGEMENT CONSULTANTS, INC., Debtor.**

No. 82–00578.

United States Bankruptcy Court,
N.D. Ohio, W.D.

Feb. 24, 1983.

David A. Zeitzheim, Oak Harbor, Ohio, trustee in bankruptcy.

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

## ORDER

This matter is before the Court upon the motion of the Trustee in Bankruptcy, David A. Zeitzheim, for an order allowing him to travel to Florida to investigate possible interests of the Debtor's estate in a movie production company, or alternatively, to hire a private investigator for such purpose. The former request is denied both as unnecessary and improper. The latter is denied due to its insufficiency.

■ First, considering the Trustee's motion for an order permitting him to travel to Florida for the purpose of investigating possible estate assets, it should be noted that collecting estate assets and investigating the financial affairs of the debtor are undeniably duties of the trustee under 11 U.S.C. § 704. Indeed, failure of the trustee to properly perform his duties may be grounds for his removal from the panel of trustees, or result in personal liability to the estate and its creditors for failure to act. *See,* Tiller, *Personal Liability of Trustees and Receivers in Bankruptcy.* 53 Am. Bankr.L.J. 75 (Winter 1979). The trustee should understand these duties and, consistent with the changed role of the bankruptcy judge under the Bankruptcy Code, act independently and without court supervision in performing these duties. Under the Code the judge is no longer a supervisor and advisor for trustees, but an impartial arbitrator of disputes which are properly brought before him.

■ Also, implicit in the Trustee's request for permission to travel to Florida is the attempt to gain prior court approval and review of the compensability of the Trustee's time and expenses for such venture. The determination of the compensability of such a venture should, however, under 11 U.S.C. § 330, only be undertaken after the completion of such services, after notice to all parties in interest and a hearing, and then only for reasonable compensation for actual, necessary services and expenses.

In sum, the Trustee's motion for an order to permit him to travel to Florida is improper and unnecessary under the Bankruptcy Code, both since it attempts to involve the judge in trustee supervision and case administration, and it seeks prior determination of the compensability of the Trustee's time and expenses. It is, therefore, denied.

■ Alternatively, the Trustee seeks court approval to hire a private investigator to conduct an investigation of the Debtor's interests in Florida. In contrast to the previous request for permission to travel to Florida, hiring a professional person under 11 U.S.C. § 327 does require prior court approval which should be given if the Court finds that it is reasonably necessary to the administration of the estate. *See* 2 *Collier on Bankruptcy* ¶ 327.01 at 327–3 (15th ed. 1982).

■ The present motion is, however, deficient under §§ 327 and 328 of the Bankruptcy Code in the following respects:

1. Neither an individual nor his qualifications are specified;

2. There is no statement relating to whether the individual holds or represents an interest adverse to the estate;

3. There is no statement as to whether or not the individual is a disinterested person as defined in § 101(13) of the Code; and

4. There has been no statement relating to the proposed terms and conditions of his employment (including total amounts to be spent).

In conclusion, the Trustee's motion (more properly application) to employ an investigator is insufficient in detail to permit court approval. If resubmitted in proper form it will again be considered by the Court.

For the foregoing reasons, it is hereby,

ORDERED that the Trustee's motion for an order to permit him to travel to Florida and to have an investigator appointed be, and hereby is denied.