**In re Leland WOLSKY and Karen Wolsky, Debtors.**

**Bankruptcy No. 83-05094.**

United States Bankruptcy Court, D. North Dakota.

Oct. 17, 1983.

Frederick Kraemer, Fargo, N.D., for debtor.

Jay D. Carlson, Fargo, N.D., for Creditors Committee.

### MEMORANDUM AND ORDER

WILLIAM A. HILL, Bankruptcy Judge.

This matter is before the Court on the Application for Allowance of Interim Compensation filed by the attorneys for the above-captioned Debtors on August 25, 1983. The Creditors' Committee interposed its objection on the basis that the fees requested are excessive in view of the work performed. The United States Trustee filed an objection for the same reason but, in addition, objects for the reason that the Debtors' attorneys failed to secure a court order authorizing said services prior to the services being rendered.

A hearing was held on October 11, 1983. At the outset, it is noted that the record reflects that no application for retention of the debtors' counsel pursuant to § 327 of the Code has ever been made and no order authorizing such retention has ever been entered. Consequently, and for the reasons stated herein, the issue of whether the fees requested are excessive will not be considered at this time.

11 U.S.C. § 327(e) states, in relevant part, "the trustee, *with the Court's approv-*

**482**

*al,* may employ one or more ... professional persons ..." This provision, while producing an oftentimes harsh result, has for the most part been strictly applied by the courts. It has been held to specifically mandate that any employment of an attorney must be with court approval. *In re Impact Publications, Inc.,* 24 B.R. 980 (Bkrtcy.N.D.Tex.1982); *In re Johnson,* 21 B.R. 217 (Bkrtcy.D.C.1982); *In re Rene Press, Inc.,* 23 B.R. 381 (Bkrtcy.D.C.Mass. 1982). Payment for services rendered by an attorney or other professional person is strictly contingent upon court approval pursuant to § 327.

In some instances courts have entered, upon application, a "nunc pro tunc" order granting the required approval. This relief has been permitted where complete and final denial of attorney's fees would result in inequitable or unfair consequences. *In re Impact Publications, Inc.,* 24 B.R. 980 (Bkrtcy.N.D.Tex.1982); *Matter of Laurent Watch Co., Inc.,* 539 F.2d 1231 (9th Cir. 1976); *Stolkin v. Nachman,* 472 F.2d 222 (7th Cir.1973).

For the foregoing reasons, it is hereby

ORDERED that the Application of Kraemer, Beauchene and Associates, P.C. for interim fees be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the attorneys for the Debtors may have ten (10) days after entry of this Order to make application for a "nunc pro tunc" order approving their appointment and with such application show cause either by brief or affidavit why such order should be granted. Thereafter, an application for fees may be resubmitted and the issue of reasonableness considered.