**In the Matter of LADYCLIFF COLLEGE, Debtor.**

**Bankruptcy No. 81 B 12486.**

United States Bankruptcy Court, S.D. New York.

Dec. 15, 1983.

Shaw, Goldman, Licitra, Levine & Weinberg, P.C., Garden City, N.Y., for debtor.

Plunkett & Jaffe, P.C., New York City, for Dormitory Authority of State of New York.

## DECISION ON APPLICATION TO AMEND RETENTION ORDER

EDWARD J. RYAN, Bankruptcy Judge.

On December 21, 1981 Ladycliff College (Ladycliff) filed a petition under Chapter 11 of the Bankruptcy Code. Ladycliff thereafter continued in possession of its property pursuant to Section 1108 of the Code.

On February 6, 1981, Ladycliff and James H. Burns, Inc. (Burns) entered into an agreement whereby Burns was to negotiate and secure a purchase of Ladycliff's real property in Highland Falls, New York. On December 10, 1981 the agreement was extended to March 6, 1982. Burns was to receive a commission of 5% of the sale price payable when title closed and the deed delivered.

Pursuant to this agreement Burns sought purchasers for the property by placing advertisements in the New York Times and by mailing brochures to almost 3,000 groups. Extensive discussions and inspections followed with many groups, including the United States Army (Army). However, the Army proposed a lease and option arrangement instead of a direct sale. On October 21, 1982 this court authorized Ladycliff to enter into a lease with the Army at an annual rental of $375,000 with an option to purchase the property for $3,500,000. Both the lease and option expire on November 19, 1987. On May 16, 1983 Ladycliff was authorized to retain Burns as a real estate broker nunc pro tunc as of December 21, 1981.

By notice of hearing dated July 22, 1983 Ladycliff seeks authorization to (1) amend the May 16, 1983 order and February 6, 1981 brokerage agreement to read "purchase and/or lease"; and (2) consider the application of Burns for brokerage commissions in the amount of 5% of the net rentals received by the debtor for a period not to exceed five years, plus 5% of the purchase price if the option is exercised. Ladycliff asserts that this additional compensation is justified because the estate received a substantial benefit through the efforts of Burns in securing the Army as a tenant.

The Dormitory Authority of the State of New York (DASNY), a secured creditor, opposes the application. DASNY's position is that the 5% commission on the sale is adequate to compensate Burns for its efforts. DASNY argues that the agreement between Burns and Ladycliff refers only to a sale. No lease of the property was contemplated. Moreover, the lease was suggested by the Army, not Burns or Ladycliff. Consequently, DASNY urges, Burns is not entitled to a commission on the lease.

DASNY contends that to allow Burns a commission on the rental would be to give it a windfall of almost $100,000 if the lease is extended to the full five years. This $100,000, DASNY maintains, should be used to pay Ladycliff's creditors.

A hearing on the instant application was held on August 31, 1983. This court concludes that the application of Ladycliff must be denied.

■ Section 327 a of the Bankruptcy Code gives the trustee the power to employ professional persons to assist him, providing he gets court approval prior to the appointment. This power is extended to the debtor in possession in a Chapter 11 proceeding by 1107a which gives the debtor in possession all the rights and powers of a trustee. Central to 327 a is the requirement that there must be prior court authorization for both the person and the service or the person will not be compensated. *In re Garland Corp.,* 8 B.R. 826 (Bkrtcy.D.Mass. 1981). This is true even if the estate receives some benefit. The court, however, may authorize a person or service, nunc pro tunc, if to do otherwise would be unfair and inequitable. *See* 2 Collier on Bankruptcy (15th ed.) ¶ 327.02 at 327–7.

In determining whether or not to allow compensation in a particular case, the reasonableness of the compensation must be considered. The court must balance the interest of the estate in paying its creditors against the interest of the professional in receiving adequate compensation.

■ Although the principle of economy has been abandoned under the Code, it has been abandoned only to the extent that people working for the estate should be adequately compensated for their services in order to attract competent professionals to work on behalf of the estate. *Matter of Liberal Market, Inc.,* 24 B.R. 653 (Bkrtcy.S.D.Ohio, 1982); *In re Penn-Dixie Industries, Inc.,* 18 B.R. 834 (Bkrtcy.S.D.N.Y.1982). Conservation of the estate for the benefit of the creditors is still of paramount importance and in no case will the court compensate a person twice for the same service. *In re Bowen,* Bankr.L.Rep. (CCH) ¶ 67.667 (Bkrtcy.N.D.Ala.1980); *Matter of Liberal Market, supra,* at 658.

■ The Army suggested the lease and Ladycliff and its counsel conducted the negotiations. In searching out a purchaser for the Highland Falls property, Burns contacted the Army. When the Army evidenced an interest, Burns led representatives of the Army and the Corps of Engineers on approximately 30 trips and inspections of the property. Burns would have performed these same services if no lease were obtained but only an option or a direct sale. To allow Burns to receive commissions for both the sale and the lease would be, in effect, to compensate it twice for the same services.

DASNY has conceded that Burns is entitled to a commission if the option is exercised and the property sold to the Army. Burns, therefore will be adequately compensated for its services if and when the Army buys the property. It is premature to decide whether Burns should be paid a commission on the lease if the option is not exercised. Therefore, Ladycliff's application is denied without prejudice.

Settle an appropriate order.