In re James Ross **HARTLEY**, Sharon Lee Hartley, Debtors.

The **TOLEDO TRUST COMPANY**, Plaintiff,

v.

Quentin M. **DERRYBERRY**, II, Trustee, Defendant.

Bankruptcy No. 81–01855. Adv. No. 82–1125.

United States Bankruptcy Court, N.D. Ohio, W.D.

Dec. 15, 1983.

Reginald S. Jackson, Jr., Toledo, Ohio, for plaintiff.

Quentin M. Derryberry, II, Wapakoneta, Ohio, trustee/defendant.

Melanie Rovner Cohen, Antonow & Fink, Chicago, Ill., William I. Kohn, South Bend, Ind., for trustee/defendant.

## OPINION AND ORDER

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the Court upon the motion of the Defendant/Trustee, Quentin M. Derryberry, II, to dismiss the complaint of The Toledo Trust Company for an injunction. Treating the Trustee's motion as a motion for summary judgment under Rule 56 Fed.R.Civ.P., the Court finds that there is no genuine issue of material fact and that the Trustee is entitled to judgment as a matter of law.

## FACTUAL BACKGROUND

The Debtors, James Ross Hartley and Sharon Lee Hartley, filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on September 8, 1981. Quentin M. Derryberry, II was appointed as trustee of the estate of the debtors under § 701 of the Bankruptcy Code and at all times herein relevant was the duly qualified and acting trustee.

Sometime after his appointment, the Trustee began an investigation into an alleged check kiting scheme involving debtors, as proprietors of a trucking business, and several banks from Ohio, Indiana, Illinois, and elsewhere. In September of 1982, at a meeting between the Trustee and representatives of several of the banks, the Trustee asserted that the banks allegedly involved in the check kiting scheme had liability to the estate for losses suffered by the creditors of the Hartleys' estate. In a letter to Toledo Trust, successor by merger to the Peoples Bank of Carey, the Trustee made a claim against Toledo Trust for 5.6 million dollars based on the alleged involvement of the Peoples Bank of Carey in the check kiting scheme. If Toledo Trust failed to meet the Trustee's demand, the letter indicated that litigation on the claim would be commenced in the United States District Court for the Western District of Pennsylvania.

On November 12, 1982 Toledo Trust filed the present complaint against the Trustee asserting that, by investigating and threatening to institute a lawsuit against Toledo Trust for which no relief can be granted, the Trustee is unlawfully dissipating assets of the estate in derogation of his duties

under the Code. Toledo Trust, as a creditor of the estate, seeks a preliminary and permanent injunction prohibiting the Trustee from investigating, threatening to institute or instituting any action against Toledo Trust based on the allegedly deficient claim.

Earlier, in May of 1982, the Trustee filed an application for instructions and advice with the Court seeking authority to accept money from certain creditors of the estate for the purpose of pursuing certain litigation on behalf of the estate. After notice to all creditors of such application, the Court entered an order in June of 1982 which, among other things, authorized the Trustee to accept the proffered money as unsecured borrowings ·under § 364 of the Code entitled to administrative expense priority.

### DISCUSSION

· The motion to dismiss states that the complaint fails to state a claim upon which relief can be granted. According to the Trustee, the complaint of Toledo Trust unlawfully seeks to enjoin the Trustee from performing his statutorily mandated duty under § 704(3) of the Bankruptcy Code of investigating the financial affairs of the debtors. Alternatively, the Trustee asserts that he has already received specific authority to initiate the investigation in question by virtue of the Court's previously entered order pursuant to his application for instructions and advice.

Toledo Trust responds that it is not seeking to enjoin the lawful investigative activities of the Trustee, but the specifically threatened lawsuit arising out of the alleged check kiting activity. Toledo Trust asserts standing as a creditor of the estate to enjoin the lawsuit since, in its opinion, the threatened suit is legally insufficient and will result, through costs and expenses of litigation, in dissipation of estate assets. The Trustee, it is argued, should be required to show probable cause that he has a viable cause of action to assert. Arguing that any liability resulting from a check kiting scheme is one that belongs to specific creditors and is not enforceable on behalf of

creditors by the Trustee, Toledo Trust asserts such probable cause can not be shown by the Trustee.

■ Although Toledo Trust has specifically denied that it seeks an injunction against any of the investigating activities of the Trustee, since such relief is prayed for in its complaint, the Court will briefly address this question. The Court is aware of no authority under the Bankruptcy Code that places limits on any lawful investigation by the trustee in bankruptcy. Section 704(3) mandates that the trustee investigate the financial affairs of the debtor. Furthermore, under the Bankruptcy Code, the trustee is to undertake such investigation "without any direction or order from the court ..." 4 *Collier on Bankruptcy* ¶ 704.07 at 704–17 (15th ed. 1979). The Court therefore specifically rejects the notion that the trustee can be enjoined from pursuing any lawful investigatory activities.

■ The Court also rejects the claim that it can enjoin any threatened lawsuit resulting from an investigation or require· the Trustee to show probable cause as a precondition to initiation of any such litigation.

This action poses the issue of whether a creditor can enjoin the trustee in bankruptcy from initiating a lawsuit absent a showing of probable cause. The question of whether the trustee in bankruptcy can } maintain a cause of action against a creditor due to its asserted negligent or intentional involvement in a check kiting scheme involving the debtor is simply not before the Court. While the Court concurs that it is doubtful as a general proposition, that any criminal activities of the debtor can redound to the benefit of the estate, *but see Buttrey v. Merrill, Lynch, Pierce, Fenner, and Smith, Inc.,* 410 F.2d 135 (7th Cir.1969) (trustee had cause of action against brokerage firm resulting from bankrupt's unlawful conversion of his customer's funds), this proposition is not so broadly established as to preempt such a claim under any circumstances. The trustee has broad powers under the Bankruptcy Code. Under § 544(b)

of the Code, for instance, he may avoid any transfer of an interest of the debtor in property that is voidable under applicable state or federal law. The Court is not so conversant with the multitude of claims maintainable under this section that it can definitively reject as yet unasserted and undefined claim in an advisory opinion. The merits of the Trustee's claim, if any, against a third party should be determined in whatever forum the trustee eventually initiates his claim, *see, Palmer v. Travelers Insurance Co.,* 319 F.2d 296 (5th Cir.1963), and should not be preempted by this Court.

As a final matter, the Court rejects the assertion that the Trustee should be required to show probable cause as a precondition to initiation of any such lawsuit. The authorities relied upon by plaintiff for such assertion, while recognizing paramount concern of the bankruptcy courts for conservation of the assets of the estate, do not stand for the proposition that a trustee must make an affirmative showing of probable cause as a precondition to undertaking litigation on behalf of the estate. In *In re Crutcher Transfer Line, Inc.,* 20 B.R. 705 (Bkrtcy.W.D.Ky.1982), the court noted the probable cause requirement in the context of reviewing the compensability of an award of attorney's fees under the Code. In *In re Meadows, Williams & Co.,* 181 F. 911 (D.C.N.Y.1910), the court recognized that the trustee should have probable cause before initiating potentially burdensome litigation in the context of denying the majority creditors' motion that the trustee settle a pending case in state court. Neither of these authorities would require the Court to undertake a predetermination of the viability of a claim the trustee might assert or require the trustee to obtain prior court approval before instituting litigation on such a claim.

Requiring the trustee to make an affirmative showing of probable cause is nowhere supported in the Bankruptcy Code. On the contrary, requiring the trustee to obtain court approval prior to initiation of litigation is inconsistent with the changed role of the bankruptcy judge under the Code. "Under the Code the judge is no longer a supervisor and advisor for trustees, but an impartial arbitrator of disputes which are properly brought before him." *In re Zeus Management Consultants, Inc.,* 27 B.R. 853, 854 (Bkrtcy.N.D.Ohio 1983).

The Court should not and will not rule on the merits of the Trustee's claim, if any, other than in an appropriate adversarial proceeding initiated on the claim. Although the Trustee used the Court's previous order on his application for "instructions and advice" as a token of the Court's approval of his investigation and any resulting litigation, this order should not be construed in any other sense than the mere grant of authority to borrow money to fund the investigation and litigation.

There being no disputed issues of material fact, the trustee is entitled to judgment as a matter of law.

SO ORDERED.