**In re Edmund L. YEISLEY, d/b/a, Japanese Auto Parts, Debtor.**

**Bankruptcy No. 84–03346–H3–4.**

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

Aug. 27, 1986.

Stanley C. Frank, Houston, Tex., for debtor.

Lowell T. Cage, McClain, Cage, Hill & Niehaus, Houston, Tex., trustee.

## ORDER

LETITIA Z. TAITTE, Bankruptcy Judge.

Came on for hearing on March 3, 1986, the Trustee's Application for Authority to Pay Routine Administration Expenses. By this application, the Trustee seeks to reimburse auctioneer, Dan Adkisson, $1,275.00 as a routine administrative expense incurred in the sale of property of the Chapter 7 estate. The Court denies the application based on the following findings and conclusions.

### Findings of Fact

1. The Chapter 7 bankruptcy was filed by the Debtor on June 19, 1984. The Trustee was duly appointed by Order of Court on June 19, 1984. The Trustee then sought and obtained orders from the Court to employ an attorney, auctioneer and an appraiser.

2. The Trustee was authorized to employ Dan Adkisson as both appraiser and auctioneer by two separate orders. Mr. Adkisson appraised the property at $5,000.00 auction value.

3. The Application to Employ Auctioneer recited that the Trustee requested the authority to employ Dan Adkisson as auctioneer to sell the assets of the estate at public auction. There was no application made and no court authority given to employ Mr. Adkisson as general salesman of the estate.

4. The Trustee gave notice of proposed private sale on August 27, 1984. The Notice of Sale indicated that John Davis would pay the sum of $14,500.00 in cash to the Trustee for all offices furnishings, supplies, equipment, fixtures, inventory and vehicles.

5. No auction was conducted by Mr. Adkisson. Mr. Adkisson was approached by two interested buyers. A series of approximately five competitive offers were received by the auctioneer, with the final offer of $14,500.00 being accepted.

6. To the extent that any of the following conclusions of law are deemed to be findings of fact, they are incorporated as such.

### Conclusions

1. To the extent that any of the above findings of fact are deemed to be conclusions of law, they are incorporated as such.

2. There is no question that professional services performed for the bankruptcy estate are compensable out of the assets of the estate only if such professional assistance has been authorized by the court prior to the services being rendered. *Matter of Triangle Chemicals, Inc.,* 697 F.2d 1280 (5th Cir.1983); *In re Impact Publications, Inc.,* 24 B.R. 980 (Bankr.N.D.Tx.1982); *In re Fountain Bay Mining Co., Inc.,* 46 B.R. 122 (Bankr.W.D.Va.1985); *In re Pathway, Inc.,* 41 B.R. 400 (Bankr.D.Hawaii 1984); *In re Sapolin Paints, Inc.,* 38 B.R. 807 (Bankr.E.D.N.Y.1984); *In the Matter of Ladycliff College,* 35 B.R. 111 (Bankr.S.D. N.Y.1983); *In re New England Fish Co.,* 33 B.R. 413 (Bankr.W.D.Wash.1983); *In re Morton Shoe Companies, Inc.,* 22 B.R. 449 (Bankr.D.Mass.1982).

Without the benefit of a Court Order, the person rendering the services is generally considered a volunteer. *Fountain Bay* at 124; *Triangle Chemicals* at 1285; *New England Fish* at 419.

This rule is true even though the services rendered may have been very beneficial or valuable to the estate and performed in good faith. *Matter of Triangle Chemicals, Inc.,* 697 F.2d 1280 (5th Cir.1983); *In re Impact Publications, Inc.,* 24 B.R. 980 (Bankr.N.D.Tx.1982); *In re Fountain Bay Mining Co., Inc.,* 46 B.R. 122 (Bankr.W.D. Va.1985); *In re Pathway, Inc.,* 41 B.R. 400 (Bankr.D.Hawaii 1984); *In re Sapolin Paints, Inc.,* 38 B.R. 807 (Bankr.E.D.N.Y. 1984); *In the Matter of Ladycliff College,* 35 B.R. 111 (Bankr.S.D.N.Y.1983); *In re New England Fish Co.,* 33 B.R. 413

(Bankr.W.D.Wash.1983); *In re Morton Shoe Companies, Inc.,* 22 B.R. 449 (Bankr. D.Mass.1982).

3. The courts have enumerated several reasons for requiring court approval prior to allowing compensation for services rendered. First, this helps maintain control of costs. *Sapolin Paints* at 817; *Morton Shoe* at 450; *New England Fish* at 418. Second, this gives the creditor and other parties in interest an opportunity to object to expenditures as unnecessary. *Sapolin Paints* at 817; *New England Fish* at 419; *Morton Shoe* at 449. Third, this may help to avoid duplicative services and double charges to the estate. *Sapolin Paints* at 817. Finally, this conserves the estate for the benefit of the creditors. *Ladycliff College* at 113.

■ 4. The Trustee suggests that the Code was designed to separate the Bankruptcy Judge from case administration. This does not alter, however, the Code requirement that the trustee obtain court approval before hiring professional persons. *In re Zeus America Management Consultants, Inc.,* 27 B.R. 853 (Bankr.N.D. Ohio 1983); 11 U.S.C. § 327(a), Bankruptcy Rule 2014.

■ The Court must authorize both the employment of the person and the services to be rendered prior to the performance of the services. *Pathway* at 401; *New England Fish* at 420–421; *Ladycliff College* at 113.

■ Here, the Trustee made application and the Court approved the employment of Mr. Adkisson to conduct an auction of the Debtor's assets. No such auction was conducted. In lieu of the auction, a private treaty sale was conducted, not by the Trustee but by the auctioneer. No application was made and no court approval given for such private sale or for a commission on such sale.

5. The Court recognizes and the Fifth Circuit approves the use of *nunc pro tunc* orders of employment in certain situations. *Matter of Triangle Chemicals, Inc.,* 697 F.2d 1280, 1284 (5th Cir.1983). See *Matter of Freehold Music Center, Inc.,* 49 B.R. 293 (Bankr.D.N.J.1985) (Court must balance the equities and exercise its discretion. It must weigh the good faith of the professional in proceeding without an order and take into account the response to information that the order has not been entered. It must further determine the emergent need for the services rendered and whether or not the debtor could function without such services.) The Court has weighed the equities and has determined that a *nunc pro tunc* order of employment authorizing the services rendered is inappropriate in this situation.

The Court notes that three professionals have been employed for this Chapter 7 case. It must be remembered that bankruptcy cases are maintained for the debtors and creditors and not the professional persons involved. *In re Tull & Sons, Inc.,* 28 B.R. 112 (Bankr.M.Md.1983).

The services rendered by the auctioneer were in no way unique or specially connected to his skills as an auctioneer. The Trustee could and should have performed such a "private treaty" sale.

■ The auctioneer performed no special task which the Trustee could not have accomplished with less cost to the estate. An auctioneer or other professional person so employed by the Trustee may be employed only to perform professional services. Matters involving liquidation of the estate, including sale of assets, are the duty of the Trustee. *In re Impact Publications, Inc.,* 24 B.R. 980, 982 (Bankr.N.D. Tx.1982). Professionals employed by the Trustee may not be employed and will not be compensated for services that the Bankruptcy Code requires of the Trustee. *Impact Publications* at 982. It is therefore,

ORDERED that the Trustee's Application for Authority to Pay Routine Administration Expenses is DENIED.