**In re SAMOA AIRLINES, INC., dba Samoa Air or Samoa Airlines, Debtor.**

**Bankruptcy No. 85–00326.**

United States Bankruptcy Court,
D. Hawaii.

Feb. 12, 1987.

Howard Green, Green, Ning, Lilly & Jones, Honolulu, Hawaii, for debtor.

Wesley H. Ikeda, Honolulu, Hawaii, for respondent.

## MEMORANDUM DECISION AND ORDER RE: MOTION TO VOID TRANSFER

JON J. CHINEN, Bankruptcy Judge.

On October 31, 1986, Aero Filipinas ("Aero") filed a Motion to Void Transfer, whereby it requested that the attorneys for the debtor, the Law Firm of Green, Ning, Lilly & Jones ("Applicant"), be compelled to return to the debtor the amount of $10,-719.80. This amount represents partial payment to debtor's attorneys for attorneys' fees and costs incurred in representing debtor since the inception of this case.

The following filings were made in connection with this matter:

| October 31, 1986 | Motion to Void Transfer filed by Aero. |
| November 7, 1986 | Application for Fees filed by Applicant. |
| | Opposition to Motion to Void Transfer filed by Applicant. |
| November 11, 1986 | Reply Memorandum in Support of Motion to Void Transfer filed by Aero. |
| December 11, 1986 | Trustee's Memorandum in Support of Motion to Void Transfer. |
| January 20, 1987 | Supplemental Reply Memorandum in Support of Motion to Void Transfer filed by Aero. |
| | Supplemental Memorandum re: Payment of Attorney Fees to Green, Ning, Lilly, & Jones filed by Applicant. |
| January 23, 1987 | Trustee's Reply Memorandum. |

Hearings were held on November 12, 1986, December 12, 1986, and January 27, 1987. At the conclusion of the January 27, 1987 hearing, the court took the matter under advisement. The court being advised in the premises, and having reviewed the files, and considered the arguments of counsel, now renders this memorandum decision and order.

A brief history of the events leading up to the Motion to Void Transfer will be helpful:

This case was commenced on July 16, 1985 as a voluntary petition under Chapter 11. The case was subsequently converted to Chapter 7 on May 14, 1986. On July 29, 1985, debtor paid Applicant a $5,000.00 retainer as an advance against Applicant's services.

An agreement was made by Applicant with Ron Pritchard ("Pritchard"), the sole stockholder of debtor that Applicant was to be compensated from the estate when the reorganization was successful and yielded assets to pay for such services.

Applicant contends that, it was required to expend considerable time and effort on the case, and to date its billings total $35,-226.38. By the end of September 1985, Applicant had accumulated over $15,000.00 in fees and $2,300.00 in costs. As a result, Applicant informed debtor that it could not continue to represent the debtor unless the fees were brought current. Pritchard then paid to Applicant $10,719.80, which he claimed was not obtained from debtor, but from another company he owned, Mango Travel. However, this check is written on debtor's bank account.

The court first begins by noting that, pursuant to Bankruptcy Rule 9001(10), the

term "'Trustee' includes a debtor in possession in a chapter 11 case."

11 U.S.C. Section 327(a) states:

(a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

Bankruptcy Rule 2014(a) also provides: (a) *Application for and Order of Employment.* An order approving the employment of attorneys, accountants, appraisers, auctioneers, agents, or other professional persons pursuant to 327 or § 1103 of the Code *shall be made only on application by the trustee* or committee, *stating the specific facts showing necessity for the employment, the name of the person to be employed, the reasons for his selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, or any other entity in interest, their respective attorneys and accountants.* (emphasis added.)

■ Thus, court approval is required before debtor may employ Applicant as its attorneys. Applicant was never authorized to represent debtor in this case. Applicant seems to suggest that no such court approval is necessary because Applicant has represented debtor from the inception of this case. However, Applicant cites no authority determining that there are exceptions permitting an attorney to be employed in a chapter 11 case without the necessity of court approval.

■ Applicant has not even filed an Application seeking approval of its employment *nunc pro tunc.* Applicant has absolutely no right to a *nunc pro tunc* order authorizing the employment as attorneys for debtor. *See e.g. In re Wolsky,* 35 B.R.

481 (Bkrtcy.N.D.1983); *In re Johnson,* 21 B.R. 217 (Bkrtcy.D.C.1982).

In *In re Kroeger Properties and Development, Inc.,* 57 B.R. 821, 823 (Bkrtcy. App. 9 (Cal.1986), the court stated:

Section 327 allows a bankruptcy court to determine prior to the employment of an attorney whether there is any conflict of interest by that attorney, whether the attorney is competent and whether his services are needed or are duplicative. It, thus, allows the court some control over costs before they are incurred. To hold that professionals can claim as of right payment for services already rendered forces the court to make the same *ex post facto* determination that Section 327 was enacted to prevent.

Before an attorney can be compensated from a bankruptcy estate, it is necessary that he seeks employment pursuant to the requirements of the Bankruptcy Code. This means that he must disclose to the court all actual or potential conflicts of interest known to him. *In re Roberts,* 46 B.R. 815 (Bkrtcy.Utah 1985). Upon such disclosure, it is then upon the court to determine whether there is the existence of a conflict.

■ Lack of disclosure of relevant information necessary for an informed ruling by the court on a debtor's application for the employment of an attorney is grounds for the denial of a fee application. See *In re Thompson,* 54 B.R. 311, 315–16 (Bkrtcy.N. D.Ohio 1985); *In re Coastal Equities, Inc.,* 39 B.R. 304 (Bkrtcy.S.D.Cal.1984).

■ In the instant case, Applicant has not filed any application to be appointed as counsel for debtor. And, the fact that Applicant was never appointed as counsel for debtor is sufficient to warrant denial of the fees. Moreover, no order granting the fees has ever been entered in this case.

Bankruptcy Rule 2016(a) states in relevant part:

(a) *Application for Compensation or Reimbursement.* A person seeking interim or final compensation for services, or reimbursement of necessary expenses,

from the estate *shall file* with the court an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested. An application for compensation *shall include* a statement as to what payments have theretofore been made or promised to the applicant for services rendered or to be rendered in any capacity whatsoever in connection with the case, *the source of the compensation so paid or promised, whether any compensation previously received has been shared and whether an agreement or understanding exists* between the applicant and any other person for the sharing of compensation received or to be received for services rendered in or in connection with the case, and the particulars of any sharing of compensation or agreement or understanding therefor, except that details of any agreement by the applicant for the sharing of compensation as a member or regular associate of a firm of lawyers or accountants shall not be required. (emphasis added.)

Applicant did file an Application for Fees ("Application"). However, this Application was filed over a year after the attorneys' fees had been paid. In addition, the Application does not reveal that some compensation had already been paid, nor does it reveal that Pritchard was supposedly the source of these payments. Further, it does not reveal whether there was any fee-sharing arrangement with any other person other than between members of Applicant's firm.

11 U.S.C. Section 330(a) states:

(a) After notice and a hearing, and subject to sections 326, 328, and 329 of this title, the court *may award* to a trustee, to an examiner, to a professional person employed under section 327 or 1103 of this title, or to the debtor's attorney—

(1) *reasonable compensation* for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may

be, and by any para-professional persons employed by such trustee, professional person, or attorney, as the case may be, based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title; and

(2) *reimbursement for actual, necessary* expenses. (emphasis added.)

It is Applicant's affirmative duty to seek approval of the fees requested before obtaining payment. No such court order authorizing the fees exists, and Applicant must therefore return the amounts it received for payment of fees and costs.

■ Finally, Applicant asserts that the funds received were that of Pritchard, and not that of the debtor. Applicant has not, however, filed with this court a statement as required by 11 U.S.C. Section 329(a), which states:

(a) *Any attorney representing a debtor* in a case under this title, or in connection with such a case, *whether or not such attorney applies for compensation* under this title, *shall file with the court a statement of the compensation paid or agreed to be paid,* if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of and in connection with the case by such attorney, or the source of such compensation. (emphasis added.)

Bankruptcy Rule 2016(b), which implements 11 U.S.C. Section 329, states in relevant part:

(b) *Disclosure of Compensation Paid or Promised to Attorney for Debtor. Every attorney for a debtor, whether or not the attorney applies for compensation, shall file with the court on or before the first date set for the meeting of creditors, or at another time as the court may direct, the statement required by § 329 of the Code.* (emphasis added).

It should also be noted that the check of $10,719.80 dated September 20, 1985 · is written on debtor's account, and not that of

**356**

Pritchard. Pritchard claims that these monies represent funds that he had advanced to debtor through another company he owned, Mango Travel. Pritchard argues that, because of the close relationship between Mango Travel and debtor, it was common practice that one company would issue checks for the obligations of the other and post them to the intercompany account. This is a clear breach of fiduciary duty. Applicant permitted Mango Travel to handle the books of the debtor when debtor itself should have controlled the books, or debtor should have hired a person who did not have an adverse interest to debtor.

Applicant is not new to the bankruptcy court practice. Applicant has previously filed applications to be appointed attorneys for other debtors. No persuasive reason has been presented to justify failure to obtain court approval of the employment in this case.

In any event, because Applicant has not been approved as counsel for debtor, and because the funds paid to it were those of the debtor, the fees must be returned. *See e.g. In re Amherst Mister Anthony's, Inc.*, 63 B.R. 292 (W.D.N.Y.1986), *In re Jackson*, 60 B.R. 593 (Bkrtcy.W.D.Ark.1986); *Lavender v. Wood Law Firm*, 785 F.2d 247 (8th Cir.1986).

There remains one final question: to whom should the funds be returned, to debtor or to Aero? Aero argues that it should be paid based upon the Order re: Aero Filipinas' Motion for Super-Priority filed on June 13, 1986. The order required that any money received by the debtor be paid to Aero up to the amount of $55,000.00 before any other entity is paid. Pursuant to that order, Aero argues that it is entitled to the $10,719.80.

This case was converted to Chapter 7 on May 14, 1986. The priority granted by this court's order of June 13, 1986 related to Chapter 11 administrative expenses. Pursuant to 11 U.S.C. Section 726(b), the administrative expenses of a Chapter 7 case take precedence over the administrative expenses of a superceded Chapter 11 case.

11 U.S.C. Section 507 provides a super-priority under certain circumstances. Specifically, subsection (b) states:

(b) If the trustee, under section 362, 363, or 364 of this title, provides adequate protection of the interest of a holder of a claim secured by a lien on property of the debtor and if, notwithstanding such protection, such creditor has a claim allowable under subsection (a)(1) of this section arising from the stay of action against such property under section 362 of this title, from the use, sale, or lease of such property under section 363 of this title, or from the granting of a lien under section 364(d) of this title, then such creditor's claim under such subsection shall have priority over every other claim under such subsection.

In this case, Aero's claim is not secured by a lien on property of debtor, nor did Aero extend credit to the debtor. The "super priority" that Aero received was the right to be paid first out of monies coming into debtor. Because this case was converted after Aero's Motion for Super-Priority was heard and ruled upon, the Chapter 7 administrative expenses have priority over Aero's claim for super-priority.

IT IS HEREBY ORDERED that the Law Firm of Green, Ning, Lilly & Jones is directed to turn over to the Trustee the amount of $10,719.80, within 14 days of the entry of this order.