**In re KUCEK DEVELOPMENT CORP., Debtor.**

**Civ. No. S–89–0532 MLS.**

United States District Court, E.D. California.

March 22, 1990.

Michael S. McManus, Diepenbrock, Wulff, Plant & Hannegan, Sacramento, Cal., for appellant Byron Lynch, atty. for trustee of the estate of Kucek, etc.

Ronald H. Sargis, Marla J. Winterberger, Hefner, Stark & Marois, Sacramento, Cal., for appellee, Bank of America, NT & SA, attys. for one of the creditors in Kucek case.

## MEMORANDUM OF DECISION AND ORDER

MILTON L. SCHWARTZ, District Judge.

Appellant, Byron Lee Lynch, is attorney for the trustee of the estate of Kucek Development Corporation, Inc. He appeals from an order of the bankruptcy court denying his application for compensation on the basis of a one-third contingency fee. He also appeals a denial of compensation for travel time.

The appeal came on for hearing at the court's regularly scheduled Motions Calendar of March 9, 1990 and was taken under submission after oral argument. The court now renders its decision based on all arguments presented at hearing and all papers submitted by the parties.

## I. FACTUAL AND PROCEDURAL BACKGROUND

An involuntary Chapter 7 petition was filed against Kucek Development Company, Inc. on June 29, 1981, and involuntary Chapter 7 petitions were filed against Joseph Kucek and Thomas Kucek on July 2, 1981. Subsequently, the bankruptcy court entered orders for relief in the three cases and appointed an interim trustee. On April 22, 1982, the Kucek Development Company case was converted to Chapter 11 and Charles Duck was appointed trustee. The three cases were consolidated on August 16, and Charles Duck was appointed trustee in all of them.

Upon application of the trustee, the bankruptcy court appointed appellant special counsel on August 25, 1982 for the limited purpose of discovering assets. On December 5, 1983, appellant submitted an application for interim attorney's fees calculated on an hourly basis and totalling $32,017.75, and reimbursement of expenses of $5,843.92. The bankruptcy court approved the first interim application by order dated April 17, 1984.

A plan of liquidation was filed on August 6, 1984, which was confirmed in an amended form on November 27. One section of the plan discussed attorney's fees, and stated that appellant would be seeking "one-third of the net proceeds produced by his work product." Plan of Liquidation, 19:12.

Meanwhile, on August 30, the trustee filed an application requesting authorization to employ appellant as general counsel. The court approved the request on October 1. Shortly thereafter, stating that he had agreed to serve as special and general counsel for the trustee on a one-third

contingency fee basis, appellant filed a second interim application for attorney's fees and costs in which he requested fees equal to one-third of all funds obtained for the estate through his efforts. The bankruptcy court denied this application by memorandum opinion and decision dated January 29, 1985. Appellant's motion for leave to appeal the decision was denied by the district court on April 16.

Appellant filed a third interim application for fees and expenses on March 28, 1985, asking the bankruptcy court to reconsider its decision denying attorney's fees on a contingency fee basis or, alternatively, requesting that the bankruptcy court credit appellant with 146.87 hours in previously unaccounted for time and asking for enhancement of the fee award using the criteria set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974). The bankruptcy court denied the motion for reconsideration. It also denied the request for enhancement of fees as premature. Then, considering the application as another application for interim fees and expenses, the court disallowed a number of hours claimed by appellant before approving interim attorney's fees figured on an hourly basis and amounting to $62,-538.50, as well as costs of $6,577.63.

Appellant filed a fourth application for interim attorney's fees and costs on April 14, 1986. The application was granted in full for attorney's fees in the amount of $16,956.25 and expenses of $1,426.99.

In his application for final fees, filed September 20, 1988, appellant renewed his request for a one-third contingency fee, which would have amounted to $476,996, or an additional $365,483.50 when offset by interim attorney's fees appellant had already received. Alternatively, appellant sought a fee enhancement, or bonus.

The application was denied by memorandum and order dated February 16, 1989. The bankruptcy court also denied attorney's fees for time spent traveling from Redding to Sacramento. Finally, appellant

apparently raised the hourly rate he charged from $125 to $150 per hour beginning September 21, 1987. The bankruptcy court found that the $150 per hour rate was not consistent with rates charged within the Sacramento legal community by practitioners with similar experience, knowledge, and competence. Accordingly, the court awarded appellant compensation at the rate of $125 per hour for the period running from September 21, 1987 onward. The court then awarded appellant an additional $6,278.75 in attorney's fees and $203.96 in costs, which brought his total compensation to $117,791.25 for attorney's fees and $14,052.50 for costs.

Appellant now seeks review of the bankruptcy court's denial of fees on a one-third contingency basis and denial of compensation for travel time.[1] He presents the following issues on appeal:

1. Did the Bankruptcy Court err in finding that a contingency fee agreement did not exist between appellant and the trustee in 1982 at the time appellant was appointed as special counsel for the trustee?

2. Did the Bankruptcy Court err in concluding that the contingency fee agreement between appellant and the trustee had to be disclosed and approved in the initial application seeking approval of counsel's employment?

3. Did the Bankruptcy Court err in concluding that the contingency fee agreement between the trustee and appellant was required to comply with California Business & Professions Code section 6147, which first became effective on January 1, 1983?

4. Did the Bankruptcy Court err in not compensating appellant, an attorney from Redding, California, for travel time, necessitated by travel to the Bankruptcy Court in Sacramento, California?

Opening Brief at 3:20–4:10.

## II. STANDARD

■ The bankruptcy court's award of attorney's fees will not be disturbed on ap-

---

**1.** In his statement of issues on appeal, appellant appeared to seek review of the bankruptcy court's reduction of his hourly fee from September 21, 1987 onward. However, he has failed to pursue this issue in papers filed subsequently.

peal absent an abuse of discretion or an erroneous application of the law. *In re Nucorp Energy, Inc.*, 764 F.2d 655, 657 (9th Cir.1985). Its conclusions of law are subject to *de novo* review, and its findings of fact cannot be overturned unless clearly erroneous. *In re Comer*, 723 F.2d 737, 739 (9th Cir.1984); *In re Benassi*, 72 B.R. 44, 46 (D.Minn.1987).

## III. ANALYSIS

### A. *Contingency Fee Agreement*

#### 1. 1982 Agreement

The bankruptcy court denied appellant's request for attorney's fees in the amount of one-third of the assets he recovered for the estate on several grounds. First, the court found that there was no contingency fee agreement between appellant and the trustee when appellant was hired as special counsel for the estate. In addition, the court concluded that even if appellant and the trustee had entered into such an agreement, the agreement was not approved by the bankruptcy court at the time appellant was hired, as is required by the Bankruptcy Code, and therefore appellant need not be compensated on a one-third contingency fee basis.

In determining that no contingency fee agreement existed in 1982, the bankruptcy court considered the declarations of appellant, the trustee of the estate, and counsel for one of the creditors. It also considered the fact that both appellant and the trustee were experienced bankruptcy practitioners who were highly unlikely to enter into an oral contingency fee agreement, and that no written agreement had been submitted supporting the existence of such an agreement. Furthermore, no fee arrangement was mentioned in the trustee's initial appli-

cation to hire appellant. Finally, the court noted that appellant calculated compensation due him on an hourly basis in his first interim application for fees. It concluded that an interim request for fees would have been inappropriate if appellant had actually agreed to compensation on a contingency fee basis.

On the basis of this sequence of events, the bankruptcy court concluded that there was a strong inference that no contingency fee agreement existed, at least during the initial period of appellant's employment. The court's finding that there was no contingency fee agreement in 1982 is a reasonable inference supported by the record.·

■ Even if appellant and the trustee had entered into a contingency fee agreement, the bankruptcy court was not required to have awarded fees on this basis, given the facts of this case.

The Bankruptcy Code ("the Code") was in effect when appellant was hired. Under section 327(a) of the Code, a trustee may, with court approval, hire an attorney to perform services for the estate.[2] 11 U.S.C. § 327(a); *In re Samoa Airlines*, 70 B.R. 352, 354 (Bankr.D.Haw.1987); *In re Warrior Drilling & Engineering Company, Inc.*, 18 B.R. 684, 692 (N.D.Ala.1981). Such employment may be approved without reference to any terms and conditions of employment, and reasonable compensation for necessary services will be based solely on a subsequent determination by the court under section 330.[3] *In re Benassi*, 72 B.R. at 47; *In re Warrior Drilling*, 18 B.R. at 692–93.

Appellant argues that section 328(a) permits appointment of an attorney under a

---

**2.** Section 327(a) reads:
   Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys ... that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

**3.** Section 330(a) reads, in part:
   After notice ... and subject to sections 326, 328, and 329 of this title, the court may award

to a ... professional person employed under section 327 ...—
(1) reasonable compensation for actual, necessary services rendered by such ... professional person ... based on the nature, the extent, and the value of such services, the time spent on such services and the cost of comparable services other than a case under this title; and
(2) reimbursement for actual, necessary expenses.

contingency fee agreement.[4] While it is true that an attorney may be appointed on a contingency fee basis, such an arrangement requires court approval *at the time of appointment and prior to the rendition of services.* 11 U.S.C. § 328(a); *In re Benassi, supra,* at 47; *In re Warrior Drilling, supra,* at 693.

Because the initial order appointing appellant as special counsel did not discuss the terms and conditions of employment, there was no prior court approval of the alleged contingency fee agreement between appellant and the trustee. Furthermore, the order appointing appellant as special counsel specifically stated that appellant was being appointed pursuant to section 330. Therefore, if a contingency fee agreement had been in existence, the bankruptcy court was nevertheless required to apply section 330 without reference to section 328 when determining appropriate fees for the period of time in which appellant served as special counsel.

### 2. 1984 Agreement

■■■ If appellant and the trustee entered into a contingency fee agreement sometime in 1984, that agreement was not approved by the court, as required by section 328(a). In addition, appellant was bound by Rule 1.5(c) of Model Rules of Professional Conduct pursuant to Local Rule 180(e). Model Rule 1.5(c) requires that a contingency fee agreement be in writing.[5] Furthermore, appellant was bound by California Business and Professions Code § 6147, effective January 1, 1983, which also requires any contingency fee agreement to be in writing.[6]

Creditors objecting to payment of fees have standing to challenge a contingency fee agreement that fails to comply with section 6147 because they are the real parties in interest. Because the alleged contingency fee agreement in this case did not comply with section 6147, it was voidable. *Alderman v. Hamilton,* 205 Cal.App.3d at 1037, 252 Cal.Rptr. at 848; Cal.Bus. & Prof.Code § 6147(b). Furthermore, since appellant failed to comply with the Model Rules and failed to obtain court approval of his alleged contingency fee requirement, the bankruptcy court did not abuse its dis-

---

4. At the time appellant was hired in 1982, section 328(a) read, in pertinent part:

> The trustee ... with the court's approval, may employ or authorize the employment of a professional person under section 327 ... on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis. Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments unanticipatable at the time of the fixing of such terms and conditions.

> 11 U.S.C. § 328(a). The section was modified in 1984 in a manner not relevant to this action.

5. Rule 1.5(c), which was one of the Model Rules adopted by the American Bar Association in 1983, requires that a

> contingent fee agreement shall be in writing and shall state the method by which the fee is to be determined, including the percentage or percentages that shall accrue to the lawyer in the event of settlement, trial or appeal, litigation and other expenses to be deducted from recovery, and whether such expenses are to be deducted before or after the contingent fee is calculated.

6. At the time of its adoption, section 6147 read, in pertinent part:

> (a) An attorney who contracts to represent a plaintiff on a contingency fee basis shall, at the time the contract is entered into, provide a duplicate copy of the contract, signed by both the attorney and the plaintiff, or his guardian or representative, to the plaintiff, or to the plaintiff's guardian or representative. The contract shall include, but is not limited to, the following:
>
> (1) A statement of the contingency fee rate which the client and attorney have agreed upon.
>
> (2) A statement as to how disbursements and costs incurred in connection with the prosecution or settlement of the claim will affect the contingency fee and the client's recovery.
>
> \* \* \* \* \* \*
>
> (b) Failure to comply with any provision of this section shall render the agreement voidable at the option of the plaintiff, and the attorney shall thereupon be entitled to collect a reasonable fee.

> Cal.Bus. & Prof.Code § 6147. The statute was amended in 1986 to specifically require that a contingency fee agreement be in writing. However, the terms of the original statute also required an agreement to be in writing. *Alderman v. Hamilton,* 205 Cal.App.3d 1033, 1037 n. 1, 252 Cal.Rptr. 845, 848 n. 1 (1988).

cretion in voiding the contingency fee agreement, if such an agreement existed.

### 3. Enhancement of Fees

Appellant did not specifically identify the bankruptcy court's refusal to enhance his fees as one of the issues on appeal. *See* Opening Brief at 3:20–4:10. However, he seems to argue in his brief that this court should consider awarding a fee enhancement or bonus because of what he contends were unusual and complex issues that were resolved in an expeditious and highly beneficial manner through his efforts. *See Id.* at 17:12–14.

The Ninth Circuit has held that when an attorney is awarded his standard billing rate for all time spent performing necessary services in a bankruptcy case, there is a strong presumption that the "award was 'reasonable compensation.'" *In re Manoa Finance Company, Inc.*, 853 F.2d 687, 692 (9th Cir.1988) (referring to the standard for awarding attorney's fees found in section 330). Thus, in determining whether to award a bonus, a court must keep in mind that:

> [W]hen an attorney first accepts a case and agrees to represent the client, he obligates himself to perform to the best of his ability and to produce the best possible results commensurate with his skill and his client's interests. Calculating the fee award in a manner that accounts for these factors, either in determining the reasonable number of hours expended on the litigation or in setting the reasonable hourly rate, thus adequately compensates the attorney, and leaves very little room for enhancing the award based on his post-engagement performance.

*Id.*, quoting *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565–66, 106 S.Ct. 3088, 3098, 92 L.Ed.2d 439 (1986).

■ Appellant has failed to rebut the strong presumption that the fees he was awarded, which were based on his own rates and the rates charged by local practitioners with comparable skills, knowledge, and competence, were reasonable.

### 4. Conclusion

This court cannot say that the findings of the bankruptcy court regarding the contingency fee agreement were clearly erroneous or that it applied the law erroneously. Consequently, the court will be affirming the award of attorney's fees on an hourly basis without a fee enhancement.

### B. *Compensation for Travel*

Appellant challenges the bankruptcy court's denial of compensation at his hourly rate for travel on May 5 and May 6, 1986 between Redding, where appellant's office is located, and Sacramento, where the bankruptcy court is located. The court's order denying the compensation merely states that travel time is not compensable and then cites *In re Pacific Express, Inc.*, 56 B.R. 859 (Bankr.E.D.Cal.1985), in support of its determination. Unlike the attorneys in *In re Pacific Express*, appellant's office lies within the Eastern District of California. Appellant is also an active member of the local bankruptcy bar.

Courts are required to compensate attorneys in bankruptcy cases "for 'actual, necessary' services that are normally compensable in other types of cases." *In re Nucorp Energy, Inc.*, 764 F.2d at 658; 11 U.S.C. § 330(a)(1). Although travel time is normally compensable in non-bankruptcy cases, travel is not always necessary within the meaning of section 330. *In re Carter*, 101 B.R. 170, 173 (Bankr.D.S.D.1989); *In re Frontier Airlines*, 74 B.R. 973, 978–79 (Bankr.D.Colo.1987); *see also In re Sinor*, 87 B.R. 620, 624 (Bankr.E.D.Cal.1988).

■ Because the bankruptcy court held that travel time was not compensable, it did not make a determination on the necessity of appellant's trip to Sacramento on May 5 and 6. Therefore, the court will be remanding the matter to the bankruptcy court to consider whether appellant's travel time was necessary. If the court finds that the travel time was necessary, it should also determine a reasonable rate of compensation for appellant's travel time.

Accordingly, based on the reasoning set forth above, IT IS ORDERED:

**658**

1. That the bankruptcy court's decision to award compensation based on an hourly basis without enhancement of fees is AFFIRMED; and

2. That the bankruptcy court's decision to deny compensation for travel time is REVERSED, and the case is remanded for consideration of the necessity of appellant's travel on May 5 and May 6, 1986, and, if the travel was necessary, a determination of a reasonable rate of compensation.